January 8, 2025

United States District Court for the Northern District of Texas

Re: Case No. 4:24-cv-01022

Honorable Judge Reed C. O'Connor

**Subject:**

**Submission of Exhibit I — Evidence of Predatory "Cottage Industry" TCPA Litigation Patterns**

**Dear Honorable Judge O'Connor,**

I respectfully submit Exhibits I for the Court's consideration in the above-referenced case. These exhibits collectively provide compelling evidence of a consistent pattern of litigation for profit by the Plaintiff, Mrs. Kelly Bland, formerly known as Mrs. Kelly Pinn. The documentation demonstrates a troubling strategy of exploiting the Telephone Consumer Protection Act (TCPA) **for financial gain rather than its intended purpose of protecting consumers' residential numbers from unsolicited calls.**

**Key Observations from Exhibit I:**

1. **Volume of Cases:**

   o Mrs. Bland has filed at least 31 lawsuits under the TCPA, with 25 being class actions.

   o These cases are often dismissed shortly after filing.

2. **Litigation Tactics:**

   o Rotating legal representation and reliance on well-known TCPA attorneys **to amplify pressure on defendants.**

   o Use of **vague or unsubstantiated claims, leveraging procedural ambiguities to secure settlements.**

3. **Coordinated Efforts with her sister, Mrs. Kimberly Starling:**

   o Shared phone numbers and identical verbiage in demand letters between the two individuals indicate collaboration.

      o  Evidence from AT&T and OnProcess Technology cases reveals potential attempts to manufacture TCPA violations.

4. **Evidence of Financial Motivation:**

      o  Over 60 demand letters issued in a single year, resulting in settlements exceeding $50,000.

      o  Patterns suggest no interest in adjudicating claims, with a primary focus on financial outcomes.

**Exhibit Details:**

- **Exhibit I1:** Summary of litigation patterns and supporting evidence.

- **Exhibit I2:** Visual Pie Chart summary of TCPA cases, highlighting dismissals, settlements, and rapid filings.

- **Exhibit I3:** Simplified summary of cases involving Mrs. Bland, emphasizing financial settlements.

- **Exhibit I4:** Comprehensive summary of all cases filed by Mrs. Bland, with durations and outcomes.

- **Exhibit I5 to I9:** Supporting affidavits, transcripts, and court records from related cases, including evidence of fabricated TCPA claims.

**Relevance to Current Case:**

This submission highlights the Plaintiff's consistent pattern of targeting businesses for financial gain, using litigation as a means to extract settlements without pursuing substantive legal resolutions. Evidence shows that Mrs. Bland actively sought opportunities to generate TCPA claims rather than avoid unsolicited calls, undermining the integrity of the TCPA's intended purpose.

Finally, I would like to respectfully note that I am representing myself in this matter as a pro se defendant. This is my first time defending myself in a legal proceeding, and I recognize that I may not always follow proper procedures or fully understand all court

requirements. I assure the Court that any shortcomings are unintentional and not meant as a sign of disrespect. I have made every effort to learn and comply with the Court's rules over the past two months, but I would deeply appreciate the Court's guidance to ensure I do not create unnecessary burdens or delays.

Thank you for your attention to this matter. I am on constant standby should additional documentation or clarification be required.

**Respectfully submitted,**

Aaron Hansome

*Aaron Hansome*

Pro Se Defendant

222 N. Expressway, Suite 159

Brownsville, Texas 78521-2258

Email: AaronMHansome@gmail.com

---

**Certificate of Service**

I hereby certify that on **January 8**, 2025, I electronically served the foregoing document and accompanying Exhibits I to the Plaintiff, Mrs. Kelly Bland, via email to the address she has provided for this case.

**Respectfully submitted,**

Aaron Hansome

*Aaron Hansome*

1st Texas Health & Life LLC.

Pro Se Defendant

222 N. Expressway, Suite 159

Brownsville, Texas 78521-2258

Email: AaronMHansome@gmail.com

**I EXHIBITS LIST**

1. **Exhibit I-1** - Summary of Litigation Patterns and Supporting Evidence

   o File: Exhibit I1 – Summary Of Litigation Patterns and Supporting Evidence

2. **Exhibit I-2** - Visual Summary of TCPA Cases

   o File: Exhibit I2 - Visual Summary.pdf

3. **Exhibit I-3** - Simplified Summary of TCPA Cases Involving Kelly Pinn-Bland

   o File: Exhibit I3 Simplified - Summary of TCPA Cases Involving Kelly Pinn-Bland.pdf

4. **Exhibit I-4** - Comprehensive Summary of All Found Cases Involving Kelly Bland

5. **Exhibit I-5** – **AT&T's Exhibit A**: Starling v. OnProcess Technology

**AT&T/OnProcess asserts:**

- **Celebratory Texts:** <mark>Exchanged messages celebrating "robocalls."</mark>
- **Identity Misrepresentation:** <mark>Starling posed as Pinn during calls.</mark>
- **Deliberate Contact:** <mark>Called AT& T back & provided number to ensure calls, fabricating TCPA claims.</mark>

6. **Exhibit I-6** – Image showing the 31 TCPA cases Mrs. Bland has filed in approximately the last 3 years where **her phone number had been redacted**, every case has Mrs. Bland's (formerly Mrs. Pinn's) number redacted.

7. **Exhibit I-7** - Voluntary Dismissal Document

   o File: Vol Dismiss - Starling_v_ATT_Services_Inc__01cae-24-01341__108191864.0.pdf

**Key Observations from Exhibits I**

**1. Total Volume of Cases**

- **31 lawsuits filed under the TCPA by Mrs. Bland** (formerly Mrs. Pinn). However, **the case involving OnProcess & AT&T originated from Mrs. Bland's phone service, and because direct involvement is likely, this data includes that case.**

  o **25 were filed as class actions,** all of which included "those similarly situated" language in their complaints to position them for potential certification. However, **none of these class actions were adjudicated or certified.**

  o 1 case, Vehicle Protection Specialists LLC, while positioned with a known class action attorney, did not explicitly include class action language in the complaint, distinguishing it from the other 25.

  o 5 individual TCPA lawsuits were also dismissed before substantive rulings.

- **Critical Observation:** Of the 32 total cases considered, none have been fully adjudicated or gone to trial. **All cases have either been dismissed (4 with prejudice) or settled, underscoring a pattern of litigation designed to extract financial settlements without pursuing substantive legal outcomes.**

**2. Rapid Dismissals and Minimal Litigation**

- A significant number of Mrs. Bland's lawsuits were dismissed in under two months, highlighting a pattern of quick settlement-driven outcomes:

  o **Pinn v. Lightbeam Lending Inc. (13 days from filing to voluntary dismissal).**

  o **Pinn v. Vehicle Protection Specialists LLC et al. (2 months, dismissed before certification).**

  o **Pinn v. Energy Solutions Direct Solar. (2 months, dismissed shortly after filing a notice of settlement).**

- o **Pinn v. Legal Tax Defense Inc. (50 days, voluntarily dismissed).**

- o **Pinn v. IJ Wireless Inc. (1.5 months, dismissed voluntarily).**

- o **Pinn v. Vehicle Protection Services LLC. (3 months, dismissed voluntarily without a ruling).**

- **Key Point:** These rapid dismissals suggest the lawsuits were not filed with the intention of addressing any injury or pursuing justice.

## 3. Class Action Filing Strategy

- 25 out of 32 cases (32 including AT&T/OnProcess) were filed as class actions.

- The attempted class action certification amplifies the potential liability and settlement pressure on defendants.

- Vehicle Protection Specialists LLC was the only case that lacked explicit class action language but was positioned with "those similarly situated" verbiage and a known class action attorney. **None of the cases, however, were ever certified** (or adjudicated).

## 4. Financial Motivation and Settlement Patterns

- Mrs. Bland's cases consistently result in settlements or dismissals shortly after filing, indicating a litigation strategy focused on financial gain rather than legal resolution.

- o **Example:** Pinn v. Transamerica Life Insurance Company et al. was dismissed voluntarily after allegations of vicarious liability were used to pressure settlement **despite Transamerica's lack of direct involvement.**

- o Pinn v. Nations Auto Protection LLC involved TCPA and Texas TSA claims, dismissed after a settlement with **no evidence directly linking the defendants.**

- o In Pinn v. TogetherHealth Insurance LLC, the case was dismissed shortly after the defendant filed a suggestion of

bankruptcy. The bankruptcy filing was attributed to financial strain stemming from the parent company, suggesting that Mrs. Bland's litigation inadvertently intersected with a defendant facing external financial difficulties.

- o This case underscores how Mrs. Bland's lawsuits often **escalate statutory penalties and procedural demands, leveraging state laws such as Texas Business & Commerce Code §302.101, which amplifies potential damages. This pattern suggests a focus on maximizing settlement pressure regardless of defendants' financial resilience.**

- **Escalating Financial Demands:**

  - o Damages sought in each case ranged from $500-$1,500 per call, with treble damages frequently added for willful violations.

    - ▪ **Example:** Pinn v. Thrive 360 LLC and Pinn v. Lifetime Health Group LLC included **speculative claims that relied on procedural technicalities rather than substantial evidence of harm.**

    - ▪ Thrive 360 LLC: Alleged violations based on lack of Texas telemarketing registration despite **no evidence of direct harm or damages.**

    - ▪ Lifetime Health Group LLC: Relied on vague assertions of harm, **lacking sufficient documentation to substantiate the allegations.**

- **Alleged Financial Outcomes:**

  - o Claims raised by third parties in unrelated cases, such as AT&T and OnProcess Technology, suggest that Mrs. Bland and Mrs. Starling may have leveraged similar lawsuits for financial settlements.

  - o Without direct evidence submitted in the current exhibits, the extent of financial gains cannot be definitively

verified. However, **the repeated pattern of rapid dismissals and voluntary settlements, often before any substantive rulings, strongly indicates financial motivation as a driving force behind the litigation strategy.**

## 5. Rotating Legal Representation

- Mrs. Bland has relied on a rotating cast of well-known TCPA attorneys, including:

    o **Ethan Preston (Preston Law Offices).**

    o **Andrew Roman Perrong (Perrong Law LLC).**

    o **Anthony Paronich (Paronich Law, P.C.).**

    o **Avi R. Kaufman and Rachel E. Kaufman (Kaufman P.A.).**

    o **Jacob Ginsburg (Kimmel & Silverman, P.C.).**

- **Key Point:** These attorneys are frequently involved in TCPA cases and have established a pattern of rapid filings, procedural aggression, and reliance on statutory damages to pressure defendants into settlement.

## 6. Coordinated Efforts with Mrs. Starling

- **Shared phone numbers and identical demand letter verbiage between Mrs. Bland and Mrs. Starling establish a clear pattern of collaboration.**

- **Key Evidence from Exhibit I5 Affidavit of Dennis Nenninger:**

    o **Celebratory text messages between Mrs. Starling and Mrs. Bland after receiving telemarketing calls provide direct evidence of bad faith. Otherwise, violations would be a point of frustration, not celebration.**

    o Evidence of **deliberate confirmation of the phone number in question during multiple account modifications, including Mrs. Starling's addition as an alternate contact despite being unrelated to the primary account holder.** This deliberate action **strongly indicates intentional efforts to**

- Forensic analysis revealed the **plaintiff signed up for the messages himself.**

- **Court Ruling: Allowed a counterclaim for fraud.**

9. **Relevance to Current Case**

- **Misuse of TCPA Protections:**

  o Evidence demonstrates that Mrs. Bland consistently files lawsuits to extract financial settlements without pursuing legal resolutions.

  o Her litigation history reflects systematic misuse of the TCPA as a tool for financial gain rather than its intended purpose of **protecting consumers.**

- **Coordinated Litigation with Mrs. Starling:**

  o Patterns of collaboration, shared phone numbers, and identical tactics reveal a coordinated strategy to exploit TCPA statutes for profit.

- **Burden on Businesses:**

  o The volume of lawsuits and lack of substantive adjudication **impose significant financial and operational burdens on businesses, undermining the fairness of TCPA protections.**

**Exhibits List:**

- Exhibit I1: Summary of all TCPA cases filed by Mrs. Bland.

- Exhibit I5: Affidavit of Dennis Nenninger detailing celebratory texts and deliberate actions to manufacture claims.

- Exhibit I6-I9: Supporting documentation from AT&T and OnProcess cases.

generate telemarketing calls as a pretext for filing lawsuits.

## 7. Litigation as a Business Model

- Not a single case has been fully adjudicated.

  o 25 class actions filed, and none were certified.

  o 6 individual TCPA lawsuits dismissed without rulings.

- The rapid settlements and dismissals suggest litigation as a tool for financial leverage **rather than consumer protection.**

- Evidence from demand letters and settlement outcomes shows that **Mrs. Bland has extracted over $50,000 in settlements in a single year,** highlighting financial motivation.

## 8. Relevant Case Precedents

1. **Stoops v. Wells Fargo Bank, N.A.**

- Plaintiff purchased multiple cell phones solely to receive calls and file TCPA lawsuits.

- **Court Ruling:** Plaintiff lacked standing, as **her intent was profit, not protection from unsolicited calls.**

2. **Barton v. Temescal Wellness, LLC**

- Plaintiff used a phone number exclusively for litigation purposes.

- **Court Ruling:** Dismissed the claim, noting **the number's primary purpose was generating TCPA lawsuits.**

3. **Johansen v. Bluegreen Vacations Unlimited, Inc.**

- Class certification **denied due to plaintiff's credibility concerns and history of deceptive tactics.**

4. **Sapan v. Diamond Resorts International Marketing, Inc.**

- The court **scrutinized plaintiff's serial litigation history, raising doubts about the legitimacy of claims.**

5. **D'Ottavio v. Slack Technologies**



**TCPA Visual Case Summary For Mrs. Kelly Bland (formerly Mrs. Pinn)**

### Case Outcomes

| Case Outcomes | Count |
|---|---|
| 18 Voluntary Dismissals | 18 |
| 5 Dismissed with Prejudice | 5 |
| 7 Pending Cases | 7 |
| 2 Court Dismissed | 2 |

This Data includes the case against AT&T's affilliate OnProcess due to the case originating from Mrs. Bland's phone number.

*4 Dismissed with prejudice includes OnProcess/AT&T

### Case Categories

| Breakdown by Category | Count |
|---|---|
| 27 Attempted Class Actions Filed | 27 |
| 5 Pro Se Cases | 5 |
| 18 Class Action Attorneys Used | 18 |
| 5 - 302.101 State Law Escalations | 5 |

### Case Durations

| Case Durations | Count |
|---|---|
| 11 Less than 3 Months | 11 |
| 10 = 3-6 Months | 10 |
| 11 Over 6 or Pending | 11 |

Short Summary of TCPA Cases Involving Mrs. Bland (formerly Mrs. Pinn)

Key Observations

1. **Number of Potential Financial Settlements Not Disclosed**: Highlighted where applicable.

2. **Timeframes Showing Quick Dismissals or Settlements**: Rapid settlements noted.

3. **Cases Dismissed with Prejudice or Marked Frivolous**: Specifically identified.

4. **Patterns of Misuse**: Multiple cases show procedural overreach and a focus on financial settlements without litigating merits.

5. **Dismissals With Prejudice**: Highlighted cases where claims were dismissed for lack of evidence or frivolousness.

| Case Title | Case Number | Settlement Date | Duration (Months) | Notes |
|---|---|---|---|---|
| Bland v. Lightbeam Lending Inc., et al | 4:24-cv-00595 | 7/11/2024 (13 Days) | 0.2 | Plaintiff dismissed voluntarily after weak claims; potential misuse of TCPA litigation. |
| Bland v. Accucare Ins LLC et al | 4:24-cv-01079 | 11/25/2024 (20 Days) | 0.7 | Filed pro se; rapid voluntary dismissal suggests financial settlement. |
| Pinn v. IJ Wireless, Inc. | 1:24-cv-02315 | 5/3/2024 | 1.5 | Plaintiff dismissed voluntarily; weak claims alleged. |

| Case Title | Case Number | Settlement Date | Duration (Months) | Notes |
|---|---|---|---|---|
| Kelly Pinn v. Legal Tax Defense, Inc. | 2:24-cv-05778 | 9/1/2024 | 2 | Rapid resolution (50 days); strong indications of financial settlement. |
| **Case Title** | **Case Number** | **Settlement Date** | **Duration (Months)** | **Notes** |
| **Case Title** | **Case Number** | **Settlement Date** | **Duration (Months)** | **Notes** |
| Kelly Pinn v. Energy Solutions Direct Solar | 3:21-cv-02330 | 12/6/2021 | 2 | Rapid resolution; statutory damages inflated settlement pressure. |
| Pinn v. Vehicle Protection Specialists LLC et al | 3:23-cv-00790 | 6/26/2023 | 2 | Procedural ambiguities exploited for settlement leverage. |
| Kelly Pinn v. Energy Solutions Direct Solar | 3:21-cv-02330 | 12/6/2021 | 2 | Rapid resolution; statutory damages inflated settlement pressure. |
| Bland v. CHW Group Inc | 4:24-cv-00876 | Presumed Settled 13-Nov-2024 | 2 | Temporary stay granted for settlement filing. |
| Bland v. ELOCAL USA, LLC | 2:24-cv-05036 | 12/16/2024 | 3 | Settlement reached; allegations of fraud and misrepresentation highlighted. |
| Pinn v. Nations Auto Protection, LLC et al | 3:22-cv-05810 | 12/27/2022 | 3 | Inclusion of TSA escalated penalties; financial settlement suspected. |
| Pinn v. Vehicle Protection Services LLC | 3:21-cv-02907 | 2/17/2022 | 3 | No ruling on merits; settlement suspected. |
| Pinn v. International Union of Police Associations AFL-CIO | 8:24-cv-01084 | 8/15/2024 | 3.2 | Alleged prerecorded donation calls; voluntary dismissal suggests settlement. |

| Case Title | Case Number | Settlement Date | Duration (Months) | Notes |
|---|---|---|---|---|
| Pinn v. Thrive 360 LLC | 4:24-cv-00487 | 9/17/2024 | 3.7 | Filed as class action; no resolution reached; settlement suspected. |
| Bland v. Lifetime Health Group LLC | 9:24-cv-81000 | 12/12/2024 | 4 | Class action filed; pressure tactics noted; voluntary dismissal suggests settlement. |
| **Case Title** | **Case Number** | **Settlement Date** | **Duration (Months)** | **Notes** |
| Tarkenton Senior Solutions LLC (Med Life Financial LLC) | 1:24-cv-01962 | 10/8/2024 | 5 | Defendant renamed; quick settlement raises questions about initial targeting. |
| Pinn v. Xponential Fitness Inc | 3:22-cv-02684 | 5/10/2023 | 5 | Rapid settlement suggests financial motivation. |
| Pinn v. Global Exchange Vacation Club | 8:22-cv-01943 | 3/13/2023 | 5 | Dismissed without prejudice; lack of evidence noted. |
| Pinn v. Ethos Technologies Inc. | 3:23-cv-03869 | 2/12/2024 | 6 | Class action bundling federal and state claims; weak substantive evidence. |
| Pinn v. TogetherHealth Insurance LLC | 3:23-cv-00251 | 9/18/2023 | 7.5 | Defendant bankruptcy cited; weak claims dismissed voluntarily. |
| Pinn v. Pini Insurance, LLC et al | 1:24-cv-20751 | 10/31/2024 | 8 | Escalation to class action; dismissal without prejudice noted. |
| Pinn v. Live Calls Network LLC | 8:23-cv-02927 | 6/24/2024 | 8 | Case closure followed settlement and stipulation of dismissal. |
| Pinn v. Transamerica Life Insurance Company et al | 4:24-cv-00266 | 12/9/2024 | 8.7 | Plaintiff's claims lacked evidence; leveraged procedural ambiguities. |
| Pinn v. Hufsey Home Services Inc. et al | 4:23-cv-01208-Y | 10/8/2024 | 10 | Weak factual basis; dismissed with prejudice for lack of evidence. |

| Case Title | Case Number | Settlement Date | Duration (Months) | Notes |
|---|---|---|---|---|
| Pinn v. Consumer Credit Counseling Foundation, Inc | 4:22-cv-04048 | 8/26/2024 | 25 | ==Plaintiff's unsupported claims and discovery overreach== highlighted. |
| Pinn v. Consumer Credit Card Relief LLC et al | 3:24-cv-02782 | Pending | Ongoing | Class action filed; ==procedural aggression noted;== lacks evidence of pre-litigation resolution. |
| **Case Title** | **Case Number** | **Settlement Date** | ==**Duration (Months)**== | ==**Notes**== |
| Bland v. OUR WORLD ENERGY LLC et al | 4:24-cv-00994 | Pending | Ongoing | Judge ordered Plaintiff to move for default judgment; ==potential procedural misuse.== |
| Bland v. The Allstate Corporation | 1:24-cv-07077 | Pending | Ongoing | Class action filed; court deadlines set for disclosures and discovery. |
| Pinn v. Better Tax Relief LLC | 4:24-cv-00488 | Pending | Ongoing | Filed as class action; mediation ongoing; ==procedural noncompliance cited.== |
| Pinn v. Greenstar Power LLC et al | 1:24-cv-00066 | Pending | Ongoing | ==Plaintiff amended complaint to add new defendants post-settlement;== vexatious litigation noted. |
| Bland v. Pacific Green Energy, LLC | 4:24-cv-01078 | Pending | Ongoing | ==Defendant alleges plaintiff solicited communication;== affirmative defenses raised. |
| Bland v. 1st Texas Health & Life LLC et al | 4:24-cv-01022 | Pending | Ongoing | ==Claims include $5,000 statutory damages; references Texas Business and Commerce Code.== |

| | | | | |
|---|---|---|---|---|
| Starling v. OnProcess Technology, Inc., et al | 1:23-cv-10949 | Dismissed with Prejudice | 10 months | AT&T and OnProcess introduced compelling evidence of fabricated claims, including celebratory text messages and intentional addition of numbers to generate claims. |

| Case Title | Case Number | Summons Issued | Settlement Date | Termitn. Date | Duration (Months) | Cause of Action | Pro Se Status | Class Action Attempt | Settlement | Redacted Phone # | Plaintiff Attorneys Involved | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bland v. Lightbeam Lending Inc., et al | 4:24-cv-00595 | 29-Jun-2024 | Not Disclosed | 7/11/2024 (13 Days) | 0.2 | 47:227 TCPA | No | Yes | Voluntary Dismissal Presumed Financial Settlement | Yes | Andrew Roman Perrong, Esq. Anthony Paronich, Esq. | 1. Plaintiff claims TCPA violations for unsolicited telemarketing calls received on her Do Not Call registered number. 2. **Photo of a salesperson ("Eric") was submitted to link telemarketing calls to LightBeam Lending, in an attempt to show direct involvement.** 3. Allegations of non-registration for telemarketing by Clean Energy Associates aimed to establish vicarious liability. 4. 13 day after filing suit, Plaintiff dismissed voluntarily, likely avoiding weak claims or insufficient evidence. Image of "Eric" at the plaintiff's doorstep was submitted to tie vendors' actions to LightBeam Lending and strengthen TCPA claims. |
| Bland v. Accucare Ins LLC et al | 4:24-cv-01079 | 5-Nov-2024 | Not Disclosed | 11/25/2024 (20 days) | 0.7 | 47:227 TCPA | Yes | No | Voluntary Dismissal WITH Prejudice November 25, 2024. Presumed Financial Settlement | Yes | None (Pro Se) | 1. Filed pro se by Kelly Bland against two defendants: Accucare Ins LLC and JLN Corp. 2. **Case dismissed with prejudice following plaintiff's voluntary motion to dismiss.** 3. **Rapid Voluntary Dismissal (11/22/24): The plaintiff filed the motion to dismiss just 17 days after the case was initiated.** |
| Pinn v. IJ Wireless, Inc. | 1:24-cv-02315 | 20-Mar-2024 | Not Disclosed | 3-May-24 | 2 | 47:227 TCPA | No | Yes | Voluntary Dismissal Presumed Financial Settlement | Yes | Anthony Paronich (Paronich Law, P.C.) | 1. Filed against IJ Wireless for alleged TCPA violations including unsolicited calls to numbers on the National Do Not Call Registry. 2. Plaintiff claimed calls used spoofed caller IDs and failed to honor prior requests to stop. 3. **Case voluntarily dismissed by Plaintiff shortly after summons execution; suggests likely settlement or lack of intent to litigate fully.** 4. **Indicates a repeated pattern of litigation without proceeding to resolution.** |

| Case | Case No. | | | | | Statute | | | Status | | Attorney |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Kelly Pinn v. Legal Tax Defense, Inc. | 2:24-cv-05778 | 9-Jul-2024 | **Not Disclosed** | 1-Sep-24 | 2 | 47:227 TCPA | No | **Yes** | **Voluntary Dismissal Presumed Financial Settlement** | Yes | Ethan Preston (Preston Law Offices) |
| Bland v. CHW Group Inc | 4:24-cv-00876 | 13-Sep-2024 | 13-Sep-24 | In Progress | 2 | 47:227 TCPA | Yes | No | **Presumed Settled Notice of Resolution 13-Nov-24** | Yes | None (Pro Se) |
| Pinn v. Vehicle Protection Specialists LLC et al | 3:23-cv-00790 | 13-Apr-2023 | 26-Jun-23 | 26-Jun-23 | 2 | 47:227 TCPA | No | **Yes** | **Voluntary Dismissal Presumed Financial Settlement** | **Yes** | Jacob U. Ginsburg Kimmel & Silverman PC; Dena L. Mathis Mathis Legal PLLC |

**Kelly Pinn v. Legal Tax Defense, Inc. — Notes**

1. **Voluntary dismissal filed by plaintiff on 1-Sep-24 with prejudice under FRCP 41(a)(1).**
2. Early dismissal strongly suggests **possible private settlement or plaintiff's lack** of interest in pursuing justice.
3. Rapid resolution (50 days) aligns with **patterns observed in similar cases filed by the plaintiff.**

**Bland v. CHW Group Inc — Notes**

1 Notice of resolution filed on 13-Nov-24, requesting temporary stay for **settlement filing.**
2. **The court granted a temporary stay on November 14, 2024, requiring the parties to file dismissal papers by January 13, 2025.**

**Pinn v. Vehicle Protection Specialists LLC et al — Notes**

1 Filed under the TCPA and TSA. The inclusion of the TSA **appears to be an intentional attempt to escalate penalties for financial leverage in settlement negotiations.**
2. **Attempted Class Action:** The complaint explicitly states it was filed "on behalf of all others similarly situated," marking it as an attempted class action. However, the case settled before any motion for class certification was filed, preventing formal classification under FRCP Rule 23.
3. Compliance Contracts Ignored: **Plaintiff targeted companies with compliance contracts, alleging violations despite adherence to agreements designed to ensure legal compliance, exploiting minor or vendor-driven missteps for profit.**
4. Alleged Ratification of Violations: The plaintiff leveraged claims that CarGuard ratified VPS's violations, casting a wide liability net to pursue multiple defendants and increase settlement pressure.
5. Vicarious Liability Exploitation: **Plaintiff utilized vicarious liability to implicate companies indirectly tied to alleged violations, creating additional settlement pressure.**
6. Predatory Class-Action Filing as Leverage: **The attempted class-action filing was**

| Kelly Pinn f/k/a Kelly Robinson, v. BP Energy Solutions Direct Solar | 3:21-cv-02330 | 30-Sep-2021 | Friday, December 03, 2021 | 16-Mar-22 | 2 | 47:227 TCPA | No | Yes | NOTICE of Settlement filed by Kelly Pinn (Ginsburg, Jacob) | Yes | Jacob U. Ginsburg (Kimmel & Silverman) Dena L. Mathis (Mathis Legal PLLC) |
|---|---|---|---|---|---|---|---|---|---|---|---|

likely used as leverage, applying pressure by threatening costly and prolonged legal battles, despite minimal actual damages to the plaintiff. 7. Pattern of Settlement Without Certification: The settlement occurred within two months, avoiding adjudication of the class-action claims and aligning with the plaintiff's historical pattern of resolving cases rapidly for financial gain.

1. Mrs. Pinn filed a notice of settlement on December 3, 2021, just over two months after filing the case on September 30, 2021, and the case was dismissed without prejudice on December 6, 2021. This short timeline suggests a focus on forcing a settlement rather than pursuing substantive litigation. 2. The complaint emphasizes statutory damages under the TCPA and Texas law, seeking $500–$1,500 per call, plus treble damages, with no clear evidence of significant harm, aligning with patterns of maximizing settlement pressure. 3. Mrs. Pinn alleged multiple calls using prerecorded messages and failures to register as a solicitor, but the claims lack substantive evidence beyond a list of call dates and vague descriptions. 4. Mrs. Pinn was represented by Jacob Ginsburg of Kimmel & Silverman, a frequent litigator in TCPA cases, reflecting a

consistent **reliance on experienced counsel to pressure settlements.**

| Bland v. ELOCAL USA, LLC | 2:24-cv-05036 | 20-Sep-2024 | 16-Dec-24 | 16-Dec-24 | 3 | 47:227 TCPA | No | Yes | Financial Settlement 12/16/2024 | **Yes** | Max S. Morgan (The Weitz Firm, LLC) | 1. Filed by Kelly Bland with attorney Max S. Morgan. 2. Defendant's Answer to Complaint was filed on 15-Nov-24, including affirmative defenses. 3. Most allegations from the complaint denied, with repeated claims that eLocal lacks sufficient knowledge to admit or deny the truth of the allegations. 4. Defendant is alleging that the plaintiff's claims are flawed because they involve misrepresentation (fraud), are illegal, or should be barred based on past actions (estoppel). The plaintiff might have knowingly misrepresented facts or filed claims with knowledge that they are false. 5. On 16-Dec-2024, the Court dismissed the case with prejudice after the parties filed a Joint Notice of Settlement. Each party is to bear its own costs and attorney fees. |

| Case | No. | Filed | | | | Statute | | | Outcome | | Attorney | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Pinn v. Nations Auto Protection, LLC et al | 3-22-cv-05810 | 30-Sep-2022 | 15-Dec-22 | 27-Dec-22 | 3 | 47:227 TCPA | No | Yes | Yes | Yes | Amy Lynn Bennecoff Ginsburg (Ginsburg Law Group, P.C.) | 1. Plaintiff filed claims under the TCPA and Texas Business & Commerce Code §302.101 which has higher penalties, alleging violations such as unsolicited prerecorded calls and improper telemarketing practices. 2. Plaintiff alleged that Nations Auto Protection acted as an agent for Palmer Administrative Services, attempting to expand liability to include both companies for telemarketing violations, though this theory was not tested in court. 3. A settlement agreement was filed on December 15, 2022, and the case was dismissed by mutual consent on December 27, 2022, without any pretrial motions or evidence directly linking the calls to the defendants. 4. This case reflects Plaintiff's broader litigation pattern of escalating claims with severe penalties, filing lawsuits with limited or no supporting evidence, and settling cases rapidly to extract financial agreements without fully litigating the merits. |
| Pinn v. Vehicle Protection Services LLC | 3-21-cv-02907 | 19-Nov-2021 | Not Disclosed | 17-Feb-22 | 3 | 47:227 TCPA | No | Yes | Voluntary Dismissal Presumed Financial Settlement | Yes | Jacob U Ginsburg Kimmel & Silverman PC | 1. Filed under TCPA and Texas TSA alleging telemarketing violations. Defendant accused of failing to register for telemarketing in Texas and violating DNC Registry requirements. 2. Plaintiff purchased a warranty plan for "investigative purposes". 3. Case voluntarily dismissed without prejudice on Feb 17, 2022. 4. Pattern suggests financial settlement; no ruling on merits of claims. |
| Pinn v. International Union of Police Associations AFL-CIO | 8-24-cv-01084 | 7-May-2024 | Not Disclosed | 15-Aug-24 | 3 | 47:227 TCPA | No | Yes | Voluntary Dismissal Presumed Financial Settlement | Yes | Avi Kaufman; Rachel Kaufman (Kaufman P.A.) | 1. Filed against International Union of Police Associations for alleged TCPA violations through pre-recorded donation calls. 2. Plaintiff alleged that calls used pre-recorded messages for solicitation without prior consent. 3. Case voluntarily dismissed shortly after summons execution; likely settlement inferred based on dismissal patterns. 4. Suggests repeated use of voluntary |

| Case | Case No. | Date Filed | Amount | Date Closed | No. | Statute | | | Disposition | | Attorneys | Notes | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Pinn v. Thrive 360 LLC** | 4:24-cv-00487 | 27-May-2024 | **Not Disclosed** | 17-Sep-24 | 4 | 47:227 TCPA | No | **Yes** | **Voluntary Dismissal Presumed Financial Settlement** | **Yes** | Sharon K. Campbell; Anthony I. Paronich; Andrew R. Perrong | **1. Numerous Class Actions Filed under TCPA with claims of unwanted calls. 2. Case dismissed without prejudice. 3. Possible undisclosed settlement as consistent with plaintiff's litigation history.** | dismissals to extract settlements without full litigation. |
| **Bland v. Lifetime Health Group LLC** | 9-24-cv-81000 | 20-Aug-2024 | **Not Disclosed** | 13-Dec-24 | 4 | 47:227 TCPA | No | **Yes** | **Voluntary Dismissal Presumed Financial Settlement** | **Yes** | **Avi R. Kaufman (FL Bar no. 84382) Rachel E. Kaufman (FL Bar no. 87406)** | 1. Filed as a class action, represented by Kaufman P.A, a known TCPA attorney. 2. Claims include TCPA violations for unsolicited telemarketing calls and Texas Business and Commerce Code violations possibly to escalate penalties and pressure for a financial settlement. 3. **The demand for damages includes: a) Certification as a class representative. b) Financial damages for every call in violation, with awards for each statutory breach, adding up to significant sums.** 4. Mrs. Bland filed for voluntary dismissal December 12th 2024. 5. Court directed Plaintiff to file a Supplement on Service by December 18, 2024, clarifying compliance with Fla. Stat. § 48.062 regarding service of process. (Issued December 10, 2024). Case dismissed without prejudice on December 13, 2024, following Plaintiff's voluntary dismissal (likely financial settlement) filed on December 12, 2024. | |

| Defendant | Case No. | Date Filed | | | | Statute | | | Status | | Attorney | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Tarkenton Senior Solutions LLC. Defendant renamed to Med Life Financial LLC | 1:24-cv-01962 | 6-May-2024 | 8-Oct-24 | 8-Oct-24 | 5 | 47:227 TCPA | No | Yes | Settled 8-Oct-24 | Yes | John A. Love (Love Consumer Law); Max S. Morgan; (The Weitz Firm, LLC) | 1. Initially filed against Tarkenton Senior Solutions LLC. Defendant renamed to Med Life Financial LLC (7/23/2024). Case settled and administratively closed.2. Changing the defendant could suggest weak research or improper targeting at the onset, raising concerns about whether the plaintiff initially targeted the correct entity.3. Settled within five months, which is unusually fast for class action cases. |
| Pinn v. Xponential Fitness Inc | 3:22-cv-02684 | 1-Dec-2022 | 10-May-23 | 10-May-23 | 5 | 47:227 TCPA | No | Yes | Settled May 10, 2023 | Yes | Chris R. Miltenberger, Max S. Morgan, Eric H Weitz | 1. Filed as a class action but settled quickly, indicating financial settlement motivation. 2. Alleged vicarious liability without proving direct involvement, targeting vendors indirectly. 3. Demonstrates the plaintiff's pattern of forcing settlements through legal pressure. 4. No significant rulings on vicarious liability, suggesting avoidance of trial scrutiny. |
| Pinn v. Global Exchange Vacation Club | 8:22-cv-01943 | 24-Oct-2022 | Court Dismissed | 13-Mar-23 | 5 | 47:227 TCPA | No | Yes | Court Dismissed | Yes | Ethan Preston, Esq. | 1. Filed a sealed First Amended Complaint (FAC) (#17) but was denied by the court (#19). This may indicate attempts to obscure questionable claims. 2. Allegations appeared broadly targeted at the defendants, with unclear evidence linking them directly to the calls. 3. The case was dismissed without prejudice on 13-Mar-23, as the court found insufficient evidence and lack of standing. 4. Pinn broadly targeted defendants without clear evidence of direct involvement. This suggests reliance on general claims to pressure settlements instead of pursuing legitimate legal claims. 5. Demonstrates a pattern of serial litigation and targeting companies with claims lacking substantive proof, possibly for settlement leverage." |

14

| Case | Case No. | | | | | | | | | | Attorney(s) | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Pinn v. Ethos Technologies Inc.** | 3:23-cv-03869 | 2-Aug-2023 | Not Disclosed | 12-Feb-24 | 6 | 47:227 TCPA | No | Yes | Voluntary Dismissal Presumed Financial Settlement | Yes | Ryan L. McBride (Kazerouni Law Group, APC); Jacob U. Ginsburg (Kimmel & Silverman, P.C.) | **1. Mrs. Pinn voluntarily dismissed the case 6 months after filing, likely settling for an undisclosed sum. 2. The class-action approach and bundling of federal TCPA and state law claims increased potential liability, pressuring resolution. 3. Claims lacked substantive evidence beyond basic allegations.** |
| **Pinn v. TogetherHealth Insurance LLC** | 3:23-cv-00251 | 3-Feb-2023 | 18-Sep-23 | 18-Sep-23 | 8 | 47:227 TCPA | No | Yes | Voluntary Dismissal Presumed Financial Settlement | Yes | Jacob U. Ginsburg, Esq., Kimmel & Silverman, P.C. | 1. Class action filed without clear evidence of TCPA violation by defendant. 2. Voluntarily dismissed shortly after defendant filed suggestion of bankruptcy. 3. No significant discovery or evidence to substantiate claims. 4. Pattern consistent with other lawsuits involving financial settlements despite weak claims. 5. Plaintiff's attorney filed similar suits in a short timeframe. |
| **Pinn v. Pini Insurance, LLC et al** | 1:24-cv-20751 | 27-Feb-2024 | Not Disclosed | 31-Oct-24 | 8 | 47:227 TCPA | No | Yes | Voluntary Dismissal Presumed Financial Settlement | Yes | Avi R. Kaufman (FL Bar no. 84382); Rachel E. Kaufman (FL Bar no. 87406) KAUFMAN P.A. | 1. Filed as a class action under TCPA. **2. Plaintiff leveraged mediation but voluntarily dismissed the case after a stipulation of dismissal.** 3. No substantive resolution reached; dismissal left the door open for potential refiling. **4. Escalation to class-level allegations suggests pressure tactics.** 5. Patterns indicate use of dismissals without prejudice to maintain litigation leverage. |
| **Pinn v. Live Calls Network LLC** | 8:23-cv-02927 | 27-Oct-2023 | 24-Jun-24 | 24-Jun-24 | 8 | 47:227 TCPA | No | Yes | Dismissed: Individual claims with prejudice | Yes | John T. McGowan (Kinner & McGowan PLLC); Max S. Morgan (The Weitz Firm, LLC) | **1. Settlement and stipulation of dismissal filed, leading to case closure. 2. The individual claims were dismissed with prejudice.** |

| Pinn v. Transamerica Life Insurance Company et al | 4:24-cv-00266 | 22-Mar-2024 | Dec 6 2024 | Dec 9 2024 | 9 | 47:227 TCPA | No | Yes | Voluntary Dismissal Presumed Financial Settlement | Yes | Andrew Roman Perrong, Anthony Paronich, Sharon K. Campbell | 1. Filed under TCPA at Transamerica for alleged telemarketing violations involving third-party vendor Leads Guru.2. Case settled with a court order confirming settlement on Dec 6 2024.3. Voluntary dismissal assumed to include financial settlement.4. Plaintiff alleged liability against Transamerica for third-party vendor Leads Guru's actions, despite Leads Guru likey operating autonomously under compliance contracts.5. Exaggerated claims targeting companies purchasing leads, with history of no direct evidence of Transamerica's and othe defendant's involvement in vendor practices.6. Repeated pattern of leveraging settlements, exploiting ambiguities in TCPA vendor liability to extract financial agreements.7. TransAmerica Response Nov. 21 2024: They highlight that Kelly Pinn is a serial TCPA plaintiff, having filed numerous lawsuits in multiple jurisdictions, some of which have been dismissed due to weak or unfounded claims.8. No Direct Involvement: Transamerica asserts it did not make the alleged calls. 9. Lack of Ratification: The response stresses that for ratification to apply under the law, the principal (Transamerica) must have had knowledge of the alleged unlawful conduct. Transamerica denies any such knowledge and states it never contracted Leads Guru to make the calls.10. Discovery Issues: Transamerica argues that the plaintiff's discovery requests are overly broad, irrelevant, and disproportionate to the needs of the case. They maintain that complaints involving unrelated persons or entities have no bearing on whether Transamerica ratified Leads Guru's actions. |

| Case | Case No. | Date Filed | Disposition | Date | No. | Statute | | | Disposition | | Attorneys | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Pinn v. Hufsey Home Services Inc. et al | 4:23-cv-01208-Y | 1-Dec-2023 | Court Dismissed With Prejudice 10/8/2024 | 8-Oct-24 | 10 | 47:227 TCPA | No | Yes | Court Dismissed With Prejudice | Yes | Katherine Hendler Fayne, Katherine Fayne Law PLLC, Anthony I Paronich, Paronich Law PC, Andrew Roman Perrong, Perrong Law LLC | 1. Plaintiff filed TCPA and Texas state law claims alleging marketing violations but showed no clear connection between calls and defendants. 2. ORDER: "Dismissed with Prejudice Because Plaintiff's complaint fails to plead enough facts" 3. Over-reliance on contradictory or unsubstantiated allegations suggests attempts to force settlements rather than pursuing valid legal claims. 4. Dismissal with prejudice of federal TCPA claims indicates weak factual basis. 5. Repeated lawsuits of this nature highlight a pattern of filing multiple similar claims, possibly targeting settlements over merits. |
| Pinn v. Consumer Credit Counseling Foundation, Inc | 4:22-cv-04048 | 11-Jul-2022 | 22-Aug-24 | 26-Aug-24 | 25 | 47:227 TCPA | No | Yes | Voluntary Dismissal Presumed Financial Settlement | Yes | Ethan Preston (Solo Practitioner) | 1. Mrs. Pinn speculated that critical emails were withheld without proof, relying on incomplete email headers and ignoring Defendants' extensive searches. 2. She alleged spoliation of call recordings without evidence, despite Defendants explaining technical limitations and retention policies. 3. Mrs. Pinn demanded broad, irrelevant discovery, including financial records and unrelated communications, exceeding proportionality standards. 4. She failed to refute Defendants' compliance defenses and rejected reasonable alternatives, such as third-party subpoenas and supplemental productions. 5. These actions suggest a pattern of making unsupported claims to burden Defendants and pressure settlements rather than pursuing substantiated legal disputes. |

| Case | Case No. | | | | | 47:227 | | | | | Attorney | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Starling v. OnProcess Technology, Inc., et al. | 1:23-cv-10949 | 2-May-2023 | 18-Oct-24 | 18-Oct-24 | 17.5 | 47:227 TCPA | No | No | Dismissed with prejudice | Yes | Max S. Morgan, Chris R. Miltenberger, Brendan J. Quinn, Jonathan Lucido | 1. Plaintiff alleged TCPA violations, including unauthorized telemarketing calls, as a potential class representative for similarly affected parties. 2. A motion for class certification was initially anticipated in the scheduling order but never pursued due to dismissal. 3. Celebratory text messages and evidence of manufactured claims surfaced during litigation, suggesting bad-faith actions by the plaintiff. |
| Pinn v. Consumer Credit Card Relief LLC et al | 3:24-cv-02782 | 5-Nov-2024 | Pending | In Progress | Ongoing | 47:227 TCPA | No | Yes | Pending | Yes | Ethan Preston (Preston Law Offices) | 1. Pinn filed a motion for entry of default on December 3, 2024, less than a month after filing and shortly after service on November 7, 2024, suggesting procedural aggression to pressure a settlement. 2. The lawsuit relies on general TCPA claims (e.g., unsolicited calls, spoofed numbers) without specific harm, aligning with patterns in prior cases focusing on statutory damages. 3. Filing as a class action amplifies financial exposure for defendants, despite limited evidence of class-wide harm. 4. Inclusion of "et al" leaves room for additional defendants, a common tactic for increasing settlement leverage. 5. Pinn engaged Ethan Preston, an attorney frequently representing TCPA plaintiffs, supporting a settlement-driven strategy. 6. No evidence of pre-litigation resolution attempts reinforces the appearance of litigation aimed at financial outcomes rather than justice. 7. The case reflects similarities to other TCPA lawsuits filed by serial litigants, characterized by vague allegations, procedural haste, and aggressive demands. |

| Case | Case No. | Date | | | | Code | | | | | Attorney | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Bland v. OUR WORLD ENERGY LLC et al** | 4:24-cv-00994 | 16-Oct-2024 | Pending | In Progress | Ongoing | 47:227 TCPA | No | Yes | Pending | Yes | **Andrew Roman Perrong, Esq. Anthony Paronich, Esq. Sharon K Campbell, Esq.** | 1. Plaintiff filed against **Our World Energy LLC and SunSCI Media LLC** alleging TCPA violations for telemarketing calls. 2. On Dec 3, 2024, Judge ordered Plaintiff to move for a clerk's entry of default by Dec 10, 2024, citing Rule 55; otherwise, dismissal under Rule 41(b) for failure to prosecute. 3. Defendant Our World Energy LLC filed a stipulation on Dec 4, 2024, potentially indicating ongoing discussions or procedural resolutions. |
| **Bland v. The Allstate Corporation** | 1:24-cv-07077 | 12-Aug-2024 | **Pending** | In Progress | Ongoing | 47:227 TCPA | No | **Yes** | **Pending** | **Yes** | Anthony Paronich, Esq. | 1. Filed as a class action, represented by Paronich Law, P.C. 2. Defendant The Allstate Corporation filed an answer denying allegations and asserting affirmative defenses. 3. Plaintiff alleges that telemarketing calls were made to her number, registered on the National Do Not Call Registry. 4. Defendant McCombs, acting on behalf of Allstate, sent telemarketing messages and calls, including a proposal email referencing Allstate Health Solutions. 5. Plaintiff claims Allstate failed to honor internal and national Do Not Call requests since 2021. 6. Court set fact discovery deadline for 11-Jul-2025, with potential settlement discussions post-discovery. 7. Defendant denies allegations and requests attorney fees if claims are deemed meritless. 8. Plaintiff filed a Motion for Alternate Service on December 24, 2024, citing challenges in effecting service. Motion granted on January 2, 2025. 9. Court set a deadline of December 16, 2024, for initial disclosures under Rule 26(a)(1). Written discovery requests to be issued by December 23, 2024. 10. Parties are to file an updated joint status report by February 3, 2025, per court order issued on December 3, 2024. |
| **Finn v. Better Tax Relief LLC** | 4:24-cv-00488 | 27-May-2024 | | | | | | | | | Andrew Roman Perrong (Perrong Law | 1. Filed on May 27, 2024, under TCPA and Texas Business and Commerce Code § 302.101, alleging unsolicited robocalls with prerecorded messages. |

| | |
|---|---|
| LLC) | 2. Plaintiff claims to have received a single automated call on March 18, 2024, with only one documented interaction (text messages and emails from the defendant's representative). This limited scope of interaction raises questions about the actual impact or intent behind the lawsuit. |
| Anthony Paronich (Paronich Law PC) | 3. Filed as a class action, but no evidence yet of significant harm or substantial class impact, suggesting potential overreach by the plaintiff in escalating the case. |
| Sharon K. Campbell (Law Office of Sharon K. Campbell) | 4. Plaintiff's pattern of targeting defendants with alleged technical violations (e.g., lack of Texas registration in this case) reflects a broader strategy of pursuing claims based on procedural noncompliance rather than substantive harm.<br>5. Mediation ongoing but unresolved; aggressive scheduling indicates the plaintiff may be prolonging litigation to pressure a settlement, which aligns with prior cases of strategic, low-damage lawsuits.<br>6. Voluminous filings and use of experienced class-action attorneys indicate well-coordinated efforts, raising concerns about potential exploitation of TCPA statutory damages as leverage. |

| Case | Case No. | Date | Status | | | | | | | | Attorneys | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Pinn v. Greenstar Power LLC et al | 1:24-cv-00066 | 22-Jan-2024 | **Pending** | In Progress | Ongoing | 47:227 TCPA | No | **Yes** | **Pending** | **Yes** | Andrew Roman Perrong (Perrong Law LLC); Anthony Paronich (Paronich Law, P.C.) | **1. Pinn filed a Notice of Settlement (June 4, 2024) with Greenstar Power LLC but later amended her complaint (August 27, 2024) to add new defendants (e.g., BRND BLDRS, LLC and Jared Bolduc), suggesting an opportunistic shift in litigation targets. 2. Amending her complaint after settlement implies piecemeal litigation, maximizing pressure on new defendants while leveraging prior settlements, a potential hallmark of vexatious litigation. 3. Claims relied on alleged telemarketing violations, including TCPA and Texas-specific rules, without providing clear harm or substantive evidence beyond procedural violations. 4. Pinn's class-action strategy aggregates federal and state claims to amplify liability and pressure for settlements, despite a lack of significant harm. 5. Allegations against Zen Energy as a "lead generator" and fictitious names like "Brand Solar" highlight vague or unsubstantiated claims, complicating defense. 6. Pinn reportedly provided false names during calls (e.g., "Trinity Bland"), potentially undermining her credibility. 7. Procedural burdens (e.g., amended complaints, reassignments) reflect tactics to exhaust defendants into settlements rather than resolve substantive disputes. 8. Consistent absence of key settlement terms in cases suggests an effort to obscure financial motives and avoid scrutiny as a potential serial litigant.** |

| Case | Case No. | Date Filed | Status | Discovery | Schedule | Statute | Yes | No | Jurisdiction Status | Pro Se | Representation | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bland v. Pacific Green Energy, LLC | 4:24-cv-01078 | 5-Nov-2024 | **Pending** | In Progress | Ongoing | 47:227 TCPA | Yes | No | **Pending** | **Yes** | None (Pro Se) | 1. **Filed pro se by Kelly Bland on 5-Nov-24** alleging TCPA violations. **2. Defendant's Answer on 2-Dec-24 denies most allegations and introduces affirmative defenses, including lack of standing, consent, and estoppel. 3. Defendant claims Plaintiff deliberately solicited communication by appearing as a customer, alleging improper motives that undermine her TCPA claims. 4. Defendant has requested attorney fees and costs, signaling confidence in their case and a strategy to deter further litigation by the Plaintiff. 5.** Scheduling Order due by 7-Jan-25; case remains ongoing, with no resolution yet. |
| Bland v. 1st Texas Health & Life LLC et al | 4:24-cv-01022 | 24-Oct-2024 | **Pending** | In Progress | Ongoing | 47:227 TCPA | Yes | No | **Pending** | **Yes** | None (Pro Se) | Claims include $5,000 in statutory damages for 7 calls, citing intentional violations of the Texas Business and Commerce Code. |
| Bland v. Everdays, Inc. et al | 4:24-cv-00946 | 4-Oct-2024 | **Dismissed For Lack of Jurisdiction** | In Progress | Ongoing | 47:227 TCPA | Yes | No | **Dismissed Lack of Jurisdiction** | **Yes** | None (Pro Se) | 1. **Filed pro se against John Doe**, same as 1st Texas. Although 1st Texas communicated the guilty party, but was ignored. 2. Defendant filed a motion to dismiss for **lack of jurisdiction on 11-Nov-24.** 3. Plaintiff agreed to dismissal, filing a response **acknowledging jurisdictional issues and requesting voluntary dismissal.** |

**AT&T & OnProcess Exhibit A**

# EXHIBIT A

**Notice of Dispute - Account No. ▇▇▇3200**
**Account Holder Kelly Pinn**
**Attachment**

AT&T provides this notice to former AT&T Mobility Account Holder Kelly Pinn that it intends
to commence arbitration against Ms. Pinn and her sister, Kimberly Starling, for conspiring to
manufacture illegitimate legal claims against AT&T Services, Inc., and/or its affiliates
("AT&T") alleging telemarketing violations.

**(a)      Claimant's name, address, and phone number:**

AT&T Services, Inc.
Walid Abdul-Rahim
AVP and Senior Legal Counsel
5005 Executive Parkway #3N306
San Ramon, CA  94583
(415) 268-9490

*Mrs. Bland (formerly Mrs. Pinn) gave AT&T her sister's number, Mrs. Kimberly Starling, even though Mrs. Starling wasn't a part of the household.*

**(b)      Account number at issue**:  AT&T Account Number ▇▇▇3200 (Kelly Pinn)

**(c)      Services (if any) to which the claim pertains**:  U-verse TV

**(d)      Description of the nature and basis of the claim or dispute**:

Kelly Pinn and her sister Kimberly Starling have conspired to fabricate a TCPA lawsuit against
AT&T.

When Ms. Pinn signed up for AT&T Internet Service (including U-verse Voice and TV service),
she told AT&T she could be contacted at a telephone number ending in 6140. When Ms. Pinn
later cancelled that service, an AT&T vendor called the 6140 number to ask Ms. Pinn about
returning the AT&T equipment that she (as a service customer) used as part of the service, e.g. a
modem.  However, the 6140 phone number Ms. Pinn gave to AT&T belongs to her sister, Ms.
Starling. Ms. Starling answered her phone when the vendor called, but rather than identify
herself, she pretended to be Ms. Pinn. Ms. Starling texted her sister during the call asking details
about Ms. Pinn's AT&T account to bolster her counterfeit identity.

Based in part on this call, Ms. Starling filed a lawsuit, *Starling v. OnProcess*, Case No. 1:23-cv-
10949 (D. Mass.) (the "*Starling* Action"), alleging the vendor (OnProcess) made several calls to
her cell phone number regarding Ms. Pinn's AT&T account without consent and in violation of
the TCPA. Ms. Starling recently added AT&T to the *Starling* Action as a defendant.

AT&T denies that it violated the TCPA. More importantly, however, AT&T has legitimate
concerns that the *Starling* Action was not brought in good faith. AT&T takes the TCPA, its
customers' privacy rights, and the privacy rights of non-customers very seriously. But Ms. Pinn's
and Ms. Starling's actions here suggest a setup. Accordingly, AT&T intends to commence
arbitration against Ms. Pinn and Ms. Starling for their bogus TCPA claim against AT&T.  AT&T
believes that, in an effort to manufacture a future TCPA violation, Ms. Pinn deliberately
provided Ms. Starling's cellular telephone number to AT&T as a secondary contact number for
Ms. Pinn's account. Ms. Starling also pretended to be Ms. Pinn during a phone call with the
vendor, while at the same time texting with Ms. Pinn so that Ms. Pinn could provide Ms. Starling

**Mrs. Bland (formerly Mrs. Pinn) acknowledged under oath that her sister Kimberly and herself had celebrated receiving robocalls.**

**Notice of Dispute - Account No. 299383200**
**Account Holder Kelly Pinn**
**Attachment**

with details that would further Ms. Starling's efforts to pretend to be Ms. Pinn. Ms. Starling then filed the *Starling* Action against the vendor and added AT&T as a defendant. If Ms. Pinn had Ms. Starling's consent to give AT&T her phone number, then there was no TCPA violation. If Ms. Pinn did not have consent, then she violated her contract with AT&T and is responsible for any ensuing harm to AT&T, including having to defend or pay damages in Ms. Starling's TCPA lawsuit. Ms. Pinn and Ms. Starling cannot have it both ways.

The sisters' conduct in other contexts lends credibility to AT&T's suspicions. Ms. Starling, for example, has stated under oath that she purchases products or services that she does not want solely for the purpose of identifying potential TCPA defendants. Ms. Pinn has acknowledged under oath that she and Ms. Starling celebrate upon receiving calls that they characterize as "robocalls" and that presumably would support additional TCPA claims. And at least one lawsuit has been filed against Ms. Starling alleging a "fraudulent and illegal scheme" to manufacture TCPA violations.

Based on the above conduct, AT&T intends to assert several claims against Ms. Pinn in arbitration, including for breach of contract, contractual indemnity, negligent and fraudulent misrepresentation, and civil conspiracy.

**(e)  Specific relief sought and basis for calculations.** AT&T will seek actual damages, attorney's fees and costs, and any other expenses as authorized by the arbitration agreement and applicable AAA Rules. Actual damages will include any judgment against AT&T in the *Starling* Action, as well as costs, experts' fees, and attorneys' fees incurred therein.

AT&T SERVICES, INC.

By:  *Walid Abdul-Rahim*

TITLE:  AVP – Sr. Legal Counsel

DATED:  1-18-2024

**Document left intact for continuity.**
**Please proceed down 8 pages**
**to resume defendant's evidence.**

```
 1                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MASSACHUSETTS
 2

 3
                                      )
 4    KIMBERLY STARLING,              )
                                      )
 5            Plaintiff,              )
                                      )    Civil Action
 6    v.                              )    No. 1:23-cv-10949
                                      )    Pages 1 to 43
 7    ONPROCESS TECHNOLOGY, INC.,     )
                                      )
 8            Defendant.              )
                                      )
 9


10


11            BEFORE THE HONORABLE JULIA E. KOBICK
                   UNITED STATES DISTRICT JUDGE
12


13                       MOTION HEARING


14


15                      March 21, 2024
                         11:00 a.m.
16


17          John J. Moakley United States Courthouse
                      Courtroom No. 3
18                    One Courthouse Way
                Boston, Massachusetts 02210
19


20


21


22          Jessica M. Leonard, CSR, FCRR
                   Official Court Reporter
23          John J. Moakley United States Courthouse
                      One Courthouse Way
24              Boston, Massachusetts 02210
              JessicaMichaelLeonard@gmail.com
25
```

1    APPEARANCES:

2    On Behalf of the Plaintiff:

3        THE WEITZ FIRM, LLC
         By: Max Morgan
4        1515 Market Street
         Ste #1100
5        Philadelphia, PA 19102
         267-587-6240
6        Max.morgan@theweitzfirm.com

7

     On Behalf of the Defendant AT&T Services:
8
         KILPATRICK TOWNSEND & STOCKTON LLP
9        By: Jeffrey H. Fisher
         1100 Peachtree Street NE
10       Ste 2800
         Atlanta, GA 30309
11       404-815-6500
         Jfisher@ktslaw.com

12

13   On Behalf of the Defendant OnProcess Technology, Inc.:

14       CROWE & DUNLEVY
         By: Andrew E. Henry
15       324 North Robinson Avenue
         Suite 100
16       Oklahoma City, OK 73102
         405-235-7700
17       Andrew.henry@crowedunlevy.com

18

19

20

21

22

23

24
                     Proceedings reported and produced
25                    by computer-aided stenography.

```
1                    P R O C E E D I N G S
2            THE CLERK:  This is civil matter 1:23-cv-10949,
3    Starling v. OnProcess Technology, Inc., et al.  Will counsel,
4    starting with the plaintiff, please state your name for the
5    record?
6            MR. MORGAN:  Good morning, Your Honor.  Max Morgan on
7    behalf of the plaintiff.
8            THE COURT:  Good morning, Mr. Morgan.
9            MR. LUCIDO:  Good morning, Your Honor.  May it please
10   the Court, on behalf of the plaintiff, attorney Jonathan
11   Lucido.
12           THE COURT:  Good morning, Mr. Lucido.
13           MR. FISHER:  Your Honor, Jeff Fisher from Kilpatrick
14   Townsend on behalf of the defendant AT&T Services Inc.
15           THE COURT:  Good morning, Mr. Fisher.
16           MR. CLOHERTY:  Daniel Clougherty also on behalf of
17   AT&T.
18           THE COURT:  Good morning, Mr. Cloherty.
19           MR. HENRY:  Good morning, Your Honor.  Andrew Henry on
20   behalf of OnProcess Technology, Inc.
21           MR. HARTSOOK:  Good morning, Your Honor.  Dylan
22   Hartsook, also on behalf of OnProcess Technology, Inc.
23           MR. FREDERICKS:  Good morning, Your Honor.  Aaron
24   Fredericks on behalf of OnProcess.
25           THE COURT:  Good morning to you all.
```

1          We are here on AT&T's motion to stay this action

2    pending arbitration, and we're also here on Ms. Starling's

3    order on a temporary restraining order and preliminary

4    injunction.  These motions are somewhat interrelated, but what

5    I'm going to do is address the motion to stay first.  I'd like

6    to hear both sides on that, then we'll move into the issue of

7    preliminary injunction and temporary restraining order.

8          So I will hear from AT&T first; it's your motion to

9    stay.  Mr. Fisher, will you be arguing?

10          MR. FISHER:  Yes, Your Honor.

11          THE COURT:  Go ahead.

12          MR. FISHER:  And I have a PowerPoint.  If you want a

13    paper copy, I can hand that up.

14          THE COURT:  Have you given it to Ms. Starling's

15    attorneys?  I can follow along on the screen.

16          MR. FISHER:  My name is Jeff Fisher, I represent AT&T

17    Services, Inc., with Dan Clougherty who also represents AT&T.

18    We're here on AT&T's motion to stay, and also I'll talk a

19    little bit -- because if you note, they're interrelated --

20    about the motion for injunctive relief.

21          AT&T seeks two forms of relief.  First, as the Court

22    is aware, AT&T has initiated arbitration against the plaintiff

23    in this case, Kimberly Starling, and against her sister, Kelly

24    Pinn.  AT&T is moving to stay this action pending arbitration.

25    In response to that motion, Plaintiff filed -- two months after

 1    we filed that motion, Plaintiff filed a motion to enjoin the

 2    pending arbitration only against Ms. Starling.  We would ask

 3    the Court deny that motion to stay.

 4         I want to start by talking about where I'm going to

 5    go.  First, we're going to look at the key undisputed facts.

 6         THE COURT:  Actually, I'd like to start you with the

 7    text of the arbitration provisions, because I have a couple of

 8    questions about those.

 9         MR. FISHER:  Yes, Your Honor.

10         THE COURT:  My first question for you is, the

11    arbitration provision that we're talking about here is the

12    provision in the Consumer Service Agreement, not the terms of

13    service; is that right?

14         MR. FISHER:  Yes, Your Honor.  What we're talking

15    about here would be the December, 2022, arbitration agreement

16    in the terms of service -- let me pull that out and make sure

17    we're looking at the same thing, but it would have been

18    attached to the declaration.

19         THE COURT:  I have it.  From your perspective, is

20    there any meaningful difference -- I looked at both arbitration

21    provisions and they look pretty much the same with a few

22    wording differences, but is there any meaningful difference

23    between those arbitration provisions?

24         MR. FISHER:  No, Your Honor.  The biggest was that we

25    went from a 30-day notice period to a 60-day notice period.

1    Other than that, Your Honor, I think to a large extent --

2         THE COURT:  And just another question about both

3    agreements.  I looked.  I didn't note a choice-of-law provision

4    in either one.  Did I miss it?  Is there one in there?

5         MR. FISHER:  I would assume it's wherever the

6    arbitration is, based on experience, but I don't know that

7    offhand.  For the arbitration I think the case is likely

8    governed by Texas law.  The whole agreement is likely Texas

9    law, but I don't know that offhand.  I'll have to look at that.

10         THE COURT:  I understood the parties' briefs to be

11    citing Massachusetts law.  I didn't see argument that Texas law

12    should apply or the Court should do a choice-of-law analysis.

13         MR. FISHER:  No, Your Honor.  I think under the FAA,

14    certainly, we would argue that you can apply Massachusetts law.

15         THE COURT:  Okay, thank you.  Go ahead.

16         MR. FISHER:  This is a little bit of an unusual case

17    for the TCPA case.  There's no dispute that Ms. Starling's

18    number was added to her sister, Kelly Pinn -- also formerly

19    Kelly Robinson's -- AT&T account.  Now, she was added as an

20    alternate can-be-reached number.  After Ms. Pinn canceled her

21    account, AT&T then called the two numbers listed on that

22    account, the can be reached and the alternate can be reached,

23    to try and recover a modem.

24         Ms. Starling brought claims based on that interaction.

25    Because that interaction arises out of the contract made

1    possible that that call to Ms. Starling, we move to stay

2    pending arbitration.  Now, second undisputed fact we'll look at

3    is that Ms. Pinn accepted AT&T's Consumer Service Agreement,

4    which the Court is already very well aware of, including the

5    broad arbitration clause.  Third, we'll show evidence that Pinn

6    and Starling are serial TCPA plaintiffs.

7          Then we'll talk about the legal issues.  The

8    primary --

9          THE COURT:  Go ahead.

10          MR. FISHER:  I'm happy to -- I'm certainly not bound

11    to my PowerPoint.  If you have questions that you already know,

12    I don't want to waste the Court's time.

13          THE COURT:  What I'm most interested in is -- why

14    don't you start with the equitable estoppel argument and then

15    we can move to your argument that even if equitable estoppel

16    principles don't bind Ms. Starling to the arbitration

17    provision, that, in the Court's decision, the stay should enter

18    in any event.  But let's start with the equitable estoppel.

19          MR. FISHER:  Yes, Your Honor.  You're far ahead of me

20    so I won't bore you with the background.  Equitable estoppel is

21    an equitable doctrine that combines a non-signatory to an

22    arbitration agreement.  In the *New Balance* case that we cited,

23    which is a 2023 First Circuit case, the First Circuit reversed

24    a denial of a motion to vacate an arbitration award on the

25    basis of equitable estoppel.  The Court found the non-signatory

**AT&T asserts that Mrs. Starling and Mrs. Pinn are serial TCPA plaintiffs, that they presented evidence in 2001 of the sisters' sending over 60 demand letters and made over $50,000**

1     was bound to the contract.  And the language in that First

2     Circuit case is telling.  A non-signatory would be estopped

3     from embracing a contract then turning its back on the portions

4     of the contract such as an arbitration clause that it finds

5     distasteful.

6          Another case that we cite is *Leuhmann*, which is a

7     district court case from this court.  And that case talks

8     about -- and so does *New Balance* -- exploiting or benefitting

9     from a contract or gaming the system, and these are equitable

10    doctrines.

11         THE COURT:  I looked at *New Balance* and I understand

12    it to be applying Massachusetts law, which applies here.  And,

13    under Massachusetts law, there has to be a direct benefit from

14    the agreement; indirect benefits aren't good enough.  So I

15    guess my question for you is, this is an agreement for wireless

16    services, right, between -- I have that wrong?

17         MR. FISHER:  I'm listening.

18         THE COURT:  What I want to know is, tell me how

19    there's a direct benefit to Ms. Starling from the agreement

20    between Ms. Pinn and AT&T, that flows from what they

21    contractually agreed to.

22         MR. FISHER:  So Ms. Starling and Ms. Pinn are serial

23    TCPA plaintiffs.  We presented evidence that in 2021 they sent

24    over 60 demand letters.  They made over $50,000.  The direct

25    benefit that Ms. Starling got from Ms. Pinn's agreement with

**AT&T asserts that they took steps to get calls, and there's never any reason to put an alternate contact number to be reached with someone that doesn't live in the household and references Mrs. Pinn's professional TCPA plaintiff status.**

1    AT&T was a call that allowed her to make -- to file a TCPA

2    claim.

3             THE COURT:  So in your view, the TCPA -- the alleged

4    TCPA violation itself is the direct benefit that flows from the

5    agreement?

6             MR. FISHER:  Yes, Your Honor.  We're not arguing that

7    she -- I mean, I don't know if she ever went over to Ms. Pinn's

8    house and watched -- it was a U-verse contract -- watched TV or

9    used the internet.  But we're not proceeding on that theory.

10   Our idea is that they're exploiting, basically, what they view

11   as a loophole in this contract, which is that by using

12   Ms. Starling's number as an alternate can-be-reached number,

13   they got AT&T to make this call, right?  Once they made this

14   call, they took all these steps to get more calls, they called

15   back, they left a number, they lied about their name.  And then

16   they filed a class action.

17            The only way -- alternate can-be-reached numbers

18   usually would be you have your cell phone and maybe you put

19   your office phone or home phone.  There's never any reason to

20   put an alternate can-be-reached number a third party that

21   doesn't even live in the house and has no billing

22   responsibility, unless you're a professional TCPA plaintiff

23   who's looking to get a call.

24            And you'll see this evidence that when they -- when

25   they get calls, they celebrate.  So this is from a deposition

**Mrs. Starling and Mrs. Pinn celebrating for receiving robo calls.**

**AT&T asserts that they were just trying to collect their equipment with the calls.**

1    of Ms. Pinn, and you'll see at the beginning.  It says:  So you

2    texted Ms. Starling that you're getting so many robocalls

3    today, three from the same script; is that correct?  And

4    Ms. Starling responds:  Woo hoo, right?  And there's more when

5    they're celebrating this win.

6            So the idea is that yes, the direct benefit from the

7    contract is they get this call, it allows them to file the suit

8    and then because --

9            THE COURT:  Can I stop you there?  AT&T doesn't

10   dispute -- I haven't seen any evidence disputing Ms. Starling's

11   declaration where she walks through the calls that she

12   receives, so there's one on January 18, another on January 21,

13   another on January 23, and it looks like one on January 26,

14   another on January 26.  There's no evidence contradicting that,

15   right?

16           MR. FISHER:  No, Your Honor.  Our argument would be

17   that there was consent to those calls through the AT&T Consumer

18   Service Agreement.  These aren't, like, marketing calls or even

19   informational calls about potential upgrades.  AT&T is just

20   trying to literally collect its modem from a customer that

21   canceled her service.

22           And notably, Ms. Starling, when she received these

23   calls, she doesn't say, "You got the wrong number."  When she

24   figures out it's Ms. Pinn, she doesn't then go in immediately

25   and change the number.  Instead, you'll see here, she calls

**AT&T asserts that Mrs. Starling has unclean hands by calling back the number that called her,**
**Which is the same thing that Mrs. Bland (at the time Mrs. Pinn) did to Aaron with 1st Texas.**

**AT&T asserts that Mrs. Starling has unclean hands by calling back the number that called her, Which is the same thing that Mrs. Bland (at the time Mrs. Pinn) did to Aaron with 1st Texas.**

1    back the number that called her, which is contrary to the

2    own -- the advice that she cites from AT&T, which is to call

3    the overall customer service number.  She leaves a message

4    leaving her number again and asking for a callback, and when

5    she gets someone on the line, she lies about it, she says her

6    name is Kelly, she says she'll return the modem sometime this

7    week.

8            So in AT&T's view, this is an example of a

9    plaintiff -- a very experienced TCPA plaintiff.  I mean, this

10   is a plaintiff that -- these are all the cases that she's

11   filed -- she, Ms. Pinn, Mr. Starling filed just in 2021 to 2024

12   just in federal court.  If you read the federal fraud case,

13   they talk about how they work hard to find these loopholes.

14   And -- I don't know this, but if there's no arbitration here,

15   this is an opportunity.  You'll probably see Ms. Pinn or

16   Ms. Starling sign up for new services, add somebody else as an

17   alternate can-be-reached, and now they're going to get this

18   call and now they have an opportunity to bring a TCPA claim.

19   So we think this is --

20           THE COURT:  May I ask you, Mr. Fisher, do you have any

21   case that stands for the proposition that filing multiple

22   lawsuits of the same type in order to potentially vindicate a

23   right provided by congress is evidence of a conspiracy in a

24   future case?

25           MR. FISHER:  I don't think we're arguing that

15

**Mrs. Pinn also acted interested in insurance when she called back after missing the 1st Texas Health& Life call. AT&T also asserts that in another fraud case, they work for these legal loopholes.**

| Name | Date modified | Type | Size |
|---|---|---|---|
| Class A Redacted - 817 Included - Pinn_v_International_Union_of_Police__flndce-24-01094__0001.0.pdf | 11/27/2024 4:38 PM | Microsoft Edge P... | 469 KB |
| Class A Redacted - 2161 Included - Pinn_v_Live_Calls_Network_LLC__mddce-23-02927__0001.0.pdf | 11/27/2024 4:13 PM | Microsoft Edge P... | 234 KB |
| Class A Redacted - 2161 Included - PINN_v_NATIONS_AUTO_PROTECTION_LLC_et_njdce-22-05810__0001.0.pdf | 11/27/2024 4:33 PM | Microsoft Edge P... | 628 KB |
| Class A Redacted - 2161 Included - Pinn_v_Vehicle_Protection_Services_LLC__txndce-21-02907__0001.0.pdf | 11/27/2024 4:21 PM | Microsoft Edge P... | 95 KB |
| Class A Redacted - 2161 Included - Pinn_v_Xponential_Fitness_Inc__txndce-22-02684__0001.0.pdf | 11/27/2024 4:23 PM | Microsoft Edge P... | 413 KB |
| Class A Redacted - 2161 Included -Pinn_v_Tarkenton_Senior_Solutions_LLC__gandce-24-01962__0001.0.pdf | 11/27/2024 4:38 PM | Microsoft Edge P... | 331 KB |
| Class A Redacted - Bland_v_Lifetime_Health_Group_LLC__flsdce-24-81000__0001.0.pdf | 11/27/2024 4:07 PM | Microsoft Edge P... | 474 KB |
| Class A Redacted - Pinn_v_Consumer_Credit_Counseling_Foundation__candce-24-04048__0001.0.pdf | 11/27/2024 4:19 PM | Microsoft Edge P... | 154 KB |
| Class A Redacted - Pinn_v_United_Insurance_Professionals__ohsdce-24-00127__0001.0.pdf | 11/27/2024 4:08 PM | Microsoft Edge P... | 234 KB |
| Class A Redacted - elly_Pinn_v_Legal_Tax_Defense_Inc_et_al_cacdce-24-05778__0001.0.pdf | 11/27/2024 4:35 PM | Microsoft Edge P... | 187 KB |
| ClassA Redacted - 17 Included - Pinn_v_IJ_Wireless_Inc__ilndce-24-02315__0001.0.pdf | 11/27/2024 4:36 PM | Microsoft Edge P... | 255 KB |
| Class A Redacted - 17 Included - Pinn_v_Pini_Insurance_LLC_et_al_flsdce-24-20751__0001.0.pdf | 11/27/2024 4:34 PM | Microsoft Edge P... | 473 KB |
| ClassA Redacted - 161 Included - Pinn_v_Ethos_Technologies_Inc__candce-23-03869__0001.0.pdf | 11/27/2024 4:17 PM | Microsoft Edge P... | 427 KB |
| ClassA Redacted - elly_Pinn_v_Global_Exchange_Vacation_Club__cacdce-22-01943__0001.0.pdf | 11/27/2024 4:17 PM | Microsoft Edge P... | 200 KB |
| Redacted 817 Included - Pinn_v_BETTER_TAX_RELIEF_LLC__txndce-24-00488__0001.0.pdf | 11/27/2024 4:40 PM | Microsoft Edge P... | 689 KB |
| Redacted 817 Included - Pinn_v_Thrive_360_LLC__txndce-24-00487__0001.0.pdf | 11/27/2024 4:40 PM | Microsoft Edge P... | 301 KB |
| Redacted 817 Included - Pinn_v_Transamerica_Life_Insurance_Company__txndce-24-00266__0001.0.pdf | 11/27/2024 4:36 PM | Microsoft Edge P... | 224 KB |
| Redacted 817-903 Included - Pinn_v_Greenstar_Power_LLC_et_al_towdce-24-00066__0001.0.pdf | 11/27/2024 4:09 PM | Microsoft Edge P... | 263 KB |
| Redacted 817-903 Included - Pinn_v_Hufsey_Home_Services_Inc_et_al_ctndce-23-01208__0001.0.pdf | 11/27/2024 4:37 PM | Microsoft Edge P... | 204 KB |
| Redacted 817-903 Included - Pinn_v_Lumio_HX_Inc__txndce-23-01138__0001.0.pdf | 11/27/2024 4:14 PM | Microsoft Edge P... | 188 KB |
| Redacted 817---2161 Included - Pinn_v_TogetherHealth_Insurance_LLC__txndce-23-00251__0001.0.pdf | 11/27/2024 4:25 PM | Microsoft Edge P... | 277 KB |
| Redacted 817---2161 Robinson Included - Pinn_v_Energy_Solutions_Direct_Solar__txndce-21-02330__0001.0.pdf | 11/27/2024 4:28 PM | Microsoft Edge P... | 155 KB |
| Redacted Bland_v_1st_Texas_Health_Life_LLC_et_txndce-24-01022__0001.0.pdf | 11/27/2024 4:02 PM | Microsoft Edge P... | 770 KB |
| Redacted Bland_v_Accucare_Ins_LLC_et_al_txndce-24-01079__0001.0.pdf | 11/27/2024 4:04 PM | Microsoft Edge P... | 816 KB |
| Redacted Bland_v_CHW_Group_Inc__txndce-24-00876__0001.0.pdf | 11/27/2024 4:03 PM | Microsoft Edge P... | 1,346 KB |
| Redacted Bland_v_Everdays_Inc_et_al_txndce-24-00946__0001.0.pdf | 11/27/2024 4:08 PM | Microsoft Edge P... | 5,372 KB |
| Redacted Bland_v_Lightbeam_Lending_Inc_et_al_txedce-24-00595__0001.0.pdf | 11/27/2024 3:59 PM | Microsoft Edge P... | 320 KB |
| Redacted Bland_v_OUR_WORLD_ENERGY_LLC_et_al_txndce-24-00994__0001.0.pdf | 11/27/2024 4:07 PM | Microsoft Edge P... | 227 KB |
| Redacted Bland_v_Pacific_Green_Energy_LLC__txndce-24-01078__0001.0.pdf | 11/27/2024 4:04 PM | Microsoft Edge P... | 1,399 KB |
| Redacted Bland_v_The_Allstate_Corporation__ilndce-24-07077__0001.0.pdf | 11/27/2024 3:54 PM | Microsoft Edge P... | 319 KB |

# United States Court of Appeals
## For the First Circuit

_____

No. 24-1341

KIMBERLY STARLING, on behalf of herself and all others similarly situated,

Plaintiff - Appellee,

v.

AT&T SERVICES, INC.,

Defendant - Appellant,

ONPROCESS TECHNOLOGY, INC.,

Defendant.

_____

**JUDGMENT**

Entered: September 19, 2024
Pursuant to 1st Cir. R. 27.0(d)

Upon consideration of stipulation, it is hereby ordered that this appeal be voluntarily dismissed pursuant to Fed. R. App. P. 42(b)(1) with each party to bear its own costs.

Mandate to issue forthwith.


By the Court:

Maria R. Hamilton, Clerk


cc:
Chris R. Miltenberger
Max S. Morgan
Aaron A. Fredericks
Daniel J. Cloherty
Adam Howard Charnes
Victoria L. Steinberg
Alexandra Arnold