UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **Kelly Bland,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | **Civil Action No. 4:24-cv-01022-O-BP** |
| v. | § | |
| | § | |
| | § | |
| **1ST TEXAS HEALTH & LIFE LLC, et al.,** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| | § | |
| | § | |

# JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER

Pursuant to the Court's Order Setting Initial Pretrial Conference and General Order on Practice and Procedure ("Order") (Docket Entry "Dkt." 26), Plaintiff Kelly Bland ("Bland") and Defendant Aaron Hansome ("Hansome") (collectively the "Parties") submit the following proposed Scheduling Order:

    **I.**    **NATURE AND BASIS OF CLAIMS AND DEFENSES**

Plaintiff contends that Defendant Hansome violated the Telephone Consumer Protection ("TCPA") act of 1991, 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(C), Violations of Texas Business and Commerce Code ("TBCC") 302.101, resulting in damages, demanding an injunction, an award of $1,500 per call in statutory damages under TCPA §227(c), an award of $5,000 in statutory damages arising out of violations of the TBCC 302.101, and other related award to Plaintiff as plead in Plaintiff's original complaint.

Defendant contends that:

Defendant denies any willful violation of the TCPA or Texas Business and Commerce Code. Defendant operated in good faith and relied on third-party vendors who contractually agreed to provide only compliant, opt-in leads. Before making any calls, Defendant scrubbed the list using a third-party service, unaware that the tool flagged but did not automatically remove DNC-listed numbers.

Plaintiff initiated contact with Defendant by calling back after seeing a missed call and Mrs. Bland (at the time Mrs. Pinn) made no mention of being on the DNC list during that call. Plaintiff later escalated demands for financial compensation, threatening litigation while referencing her extensive history of TCPA lawsuits as a means of intimidation. Defendant has since learned that Plaintiff has filed approximately 33 similar lawsuits, often redacting her phone number, raising concerns about the potential misuse of litigation for financial gain rather than genuine consumer protection.

Furthermore, Plaintiff's sister, Mrs. Kimberly Starling, also contacted Defendant with nearly identical settlement demands before Plaintiff's lawsuit, further suggesting coordinated litigation tactics. Upon receiving these threats, Defendant immediately terminated 2 vendors that could've been responsible for the calls, demonstrating ongoing compliance efforts.

Defendant asserts that Plaintiff's number is potentially being used primarily for litigation purposes, rather than personal use, which raises questions about whether TCPA protections apply. Defendant seeks discovery into Plaintiff's litigation history, prior settlements, and phone number usage across cases to assess whether this claim is part of a larger pattern of vexatious litigation.

## II. POSSIBILITY OF SETTLEMENT

The Parties have not discussed settlement.

## III. RULE 26(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE

The Parties have no objections to the disclosure required by Federal Rules of Civil Procedure under Rule 26.

## IV. JOINT REPORT DETAILS

| | | |
|---|---|---|
| (1) | Time Limit for Motions for Leave | June 6, 2025 |
| (2) | Time Limit to Amend Pleadings | March 21, 2025 |
| (3) | Time Limit to File Motions | August 21, 2025 |
| (4) | Time Limit for Initial Expert Designations | Sept. 19, 2025 |
| (5) | Time Limit for Responsive Expert Designations | October 20, 2025 |
| (6) | Time Limit for Expert Objections | November 3, 2025 |

(7) Proposed Discovery Plan and Statement of Subjects, Time, Etc.

    a. The Parties intend to complete written discovery in accordance with the Federal Rules of Civil Procedure. The subject matter of discovery being limited, the Parties suggest a timeframe for completion 45-days before the proposed trial date below.

    b. Depositions shall be conducted according to the Federal Rules of Civil Procedure and timelines designated thereby.

(8) Limitations on Discovery

    a. The Parties have no suggested limitations on discovery.

(9) Proposed Means of Disclosure

    a. The Parties shall produce disclosures by electronic means; including but not limited to electronic mail or appropriate electronic storage devices mailed to or delivered via USPS.

(10) Proposed means of handling and protection of privileged or trial-preparation materials:

    a. A written stipulation between the Parties outlining a process for identifying, asserting privilege claims, and protecting such materials during discovery including prompt notification of potential privileged information, a detailed log of privileged documents, potentially utilizing a court-appointed special master to oversee the process should the Parties be unable to resolve a discovery dispute.

**(11) Proposed Trial Date**      **Dec. 17, 2025**

(12) Proposed Date for Further Settlement Negotiations

a. While the Parties do not believe alternative dispute resolution will be effective at this time, they otherwise wish to pursue negotiations prior to August 8, 2025. In the event mediation or arbitration is required, the Parties request completion on or before this date.

(13) Objections to Form, Timing, or Requirements for Disclosures

a. The Parties have no objections to the Requirements set forth in Rule 26(a) of the Federal Rules of Civil Procedure.

(14) Whether Consent is Given for Jury / Non-Jury Trial before a United States Magistrate Judge

a. The Parties have not filed a consent or waiver of consent. However, the Parties consent to a Non-Jury Trial.

(15) Mediation or Arbitration and Statement of Most Effective Timeframe

a. The Parties do not believe mediation or arbitration would be effective at this time. And thus request time to pursue alternative dispute resolution during discovery.

(16) Other Proposals Regarding the Scheduling Order

a. The Parties have no other proposals regarding this scheduling order.

(17) Whether Conference is Desired

a. The Parties state that a status conference is not required.

(18) Other Relevant Matters

a. None at this time.

### V. CERTIFICATE OF CONFERENCE

I hereby certify that on Feburary 28 , 2025, the Parties conferred by email about this Order (Dkt. 8) and discussed the above for review by this Court.

*Aaron Hansome* (signature)
Verified by pdfFiller 02/28/2025
Aaron Hansome

*Kelly Bland* (signature)
Kelly Bland

Respectfully submitted,

March 3, 2025,



Kelly Bland
*Plaintiff, Pro Se*
1001 Prairie Heights Dr
Fort Worth, TX 76108
Phone: 817-903-2161
Kellybland516@gmail.com

Aaron Hansome
*Defendant, Pro Se*
641 East San Ysidro Blvd., Ste. B3 328
San Ysidro, CA 92173
Phone: 619-289-7442
aaronmhansome@gmail.com