IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **KELLY BLAND,** | § | |
| | § | |
|     **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-01022-O-BP |
| | § | |
| **1ST TEXAS HEALTH** | § | |
|  **& LIFE LLC,** *et al.*, | § | |
| | § | |
|     **Defendants.** | § | |

## SCHEDULING ORDER

**I.   SUMMARY OF CRITICAL DATES**

| | |
|---|---|
| Initial Disclosures under Fed. R. Civ. P. 26(a)(1) (¶ 1) | March 24, 2025 |
| Deadline for Motions for Leave to Join Parties (¶ 2) | June 6, 2025 |
| Deadline to Amend Pleadings (¶ 3) | March 21, 2025 |
| Dispositive Motions (¶ 4) | August 21, 2025 |
| Initial Expert Designation & Report (¶ 5 a.) | September 19, 2025 |
| Responsive Expert Designation & Report (¶ 5 b.) | October 20, 2025 |
| Expert Objections (¶ 5 c.) | November 3, 2025 |
| Mediation and Status Report (¶ 6) | August 8, 2025; seven days thereafter |
| Completion of Discovery (¶ 7) | November 2, 2025 |

**II.   SCHEDULING INSTRUCTIONS**

      Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and the local rules of this Court (except as modified herein), the Court, having considered the joint submission on discovery matters, finds that the following schedule should govern the disposition of this case:

Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure and the local rules of this Court must be observed.

**Please note that the Court has attempted to adhere to the schedule requested by the parties. In so doing, the Court assumes that the parties thoroughly considered scheduling issues prior to making their representations and that the parties understand that the deadlines imposed in this Order are firmly in place, absent the few exceptions set forth below.**

1. <u>Initial Disclosures</u>: By **March 24, 2025**, the parties shall serve all disclosures required by Rule 26(a)(1), Federal Rules of Civil Procedure. (Unless otherwise noted, all references to Rules in this Order shall refer to the Federal Rules of Civil Procedure). As provided by the Rule, these disclosures shall not be filed with the Clerk of the Court.

2. <u>Join Parties</u>: By **June 6, 2025**, all motions requesting leave to **join** additional parties shall be filed.

3. <u>Amend Pleadings</u>: By **March 21, 2025**, all motions requesting leave to **amend** pleadings shall be filed.

4. <u>Dispositive Motions</u>: By **August 21, 2025**, all motions that would dispose of all or any part of this case (including **motions for summary judgment**) shall be filed.

5. <u>Experts</u>:

    **a. <u>Initial Designation of Expert(s)</u>**: Unless otherwise stipulated or directed by order, the party with the burden of proof on the issue subject to the expert designation shall file a written designation of the name and address of each **expert witness** who will testify at trial for that party and shall otherwise comply with Rule 26(a)(2) on or before **September 19, 2025**.

    **b. <u>Responsive Designation of Expert(s)</u>**: Each party without the burden of proof on the issue subject to expert designation shall file a written designation of the name and address of each **expert witness** who will testify at trial for that party and shall otherwise comply with Rule 26(a)(2) on or before **October 20, 2025**.

      **c. Challenges to Experts**: The parties are directed to file any objections to, or motions to strike or exclude expert testimony (including Daubert motions), on or before **November 3, 2025**. *No challenges to experts shall be filed prior to October 20, 2025, without obtaining leave of court.*

6. **Mediation Deadline**:

    **a. Mediation Requirements:** Should the parties pursue mediation, the parties shall jointly select a mediator and mediate on or before **August 8, 2025.** Individual parties and their counsel shall participate **in person**, not by telephone or other remote means. All other parties shall participate by a representative or representatives, in addition to counsel, who shall have **unlimited settlement authority** and who shall participate **in person**, not by telephone or other remote means. If a party has liability insurance coverage as to any claim made against that party in this case, a representative of each insurance company providing such coverage, who shall have **full authority to offer policy limits in settlement**, shall be present at, and participate in, the meeting **in person**, not by telephone or other remote means. At this meeting, the parties shall comply with the requirements of Local Rule 16.3.

    **b. Exceptions to Mediation Requirements:** Any party that is unable to satisfy the Mediation Requirements in full may submit a motion to the Court requesting leave to be excused from the objectionable requirement(s) and showing good cause as to why the party should be excused. This motion must be submitted as soon as the issue presents itself, and **no later than three weeks before the mediation deadline or the mediation itself, whichever occurs sooner**. If the Court does not rule on the motion prior to the mediation conference, the parties must proceed as if the request is denied.

    **c. Mediation Report:** Within **seven days** after the mediation, the parties shall **jointly prepare and file a written report**, which shall be signed by counsel for each party, detailing the date on which the mediation was held, the persons present (including the capacity of any representative), and a statement informing the Court of the effect of their mediation and whether this case has been settled by agreement of the parties.

7. **Completion of Discovery**:   By **November 2, 2025**, all discovery—including discovery concerning expert witnesses—shall be completed. The parties may agree to extend this discovery deadline, provided (a) the extension **does not affect** the trial setting, dispositive motions deadline, challenges to experts deadline, or pretrial submission dates; and (b) written notice of the extension is given to the Court.

3

8. **Trial Date and Remaining Pretrial Schedule**:  This case was referred to the undersigned United States Magistrate Judge for pretrial management. The United States District Judge will set any trial date and dates for the remaining pretrial schedule in a subsequent order.

9. **Modification of Scheduling Order**: As addressed above, this Order shall control the disposition of this case unless it is modified by the Court upon a showing of **good cause** and by leave of court. Fed. R. Civ. P. 16(b)(4). Conclusory statements will usually not suffice to show good cause, even if the motion is agreed or unopposed. Moreover, the Court does not grant motions to modify the scheduling order as a matter of course. Any request that the trial date of this case be modified must be made (a) **in writing** to the Court, (b) **before** the deadline for completion of discovery, and (c) **in accordance with the United States District Court for the Northern District of Texas Civil Justice Expense and Delay Reduction Plan ¶ V and Local Rule 40.1** (motions for continuance must be signed by the party as well as by the attorney of record).

10. **Sanctions**: Should any party or counsel fail to cooperate in doing anything required by this Order, such party or counsel or both may be subject to sanctions. If the *plaintiff* does not timely file the required (or other) pretrial material, the case will be dismissed. If the *defendant/third party* does not timely file the required (or other) pretrial material, a default will be entered or the defendant/third party will not be permitted to present witnesses or exhibits at trial. Fines or other sanctions, if appropriate, may also be imposed under Rule 16(f). **Failure to list a witness, exhibit, or deposition excerpt as required by this Order** shall be grounds for

exclusion of that evidence. This does not apply to testimony, exhibits, or deposition excerpts offered for impeachment; further, the use of unlisted witnesses, exhibits, or deposition excerpts for rebuttal shall be permitted if the attorneys could not have reasonably anticipated their need for that evidence.

11. **Electronic Filing Procedures**: This case has been designated for enrollment in the Electronic Case Filing System (CM/ECF). (For more information on the ECF system, please see http://www.txnd.uscourts.gov/filing/ecf.html). Now that the case is designated an ECF case, all documents must be filed electronically; however, the Court still requires that courtesy copies of dispositive motions (and accompanying briefs and appendices) be sent to Chambers. Proposed orders are **required** to be submitted with **EVERY** motion. (Modification to Local Rule 7.1(c)). Proposed orders must be submitted via e-mail in a Word-compatible format as instructed in the CM/ECF system's "Proposed Orders" Event. The proposed orders must be **e-mailed** to: ray_orders@txnd.uscourts.gov. Include the case number and the document number of the referenced motion in the subject line.

12. **Citations**: All briefs filed with the Court shall comply with the most recent edition of *The Bluebook: A Uniform System of Citation*. Particularly, counsel are directed to provide, where applicable, the subsections of cited statutes, and to provide pinpoint citations when citing cases, i.e., provide the page where the stated legal proposition can be found. See *Bluebook* Rules 3.2-3.4 (Columbia Law Review Ass'n et al. eds, 20th ed. 2015) (regarding pinpoint citations and subsections). Furthermore, if a brief contains citations to unpublished opinions or to LEXIS, counsel must attach copies of those cases to the brief.

13. **Notice**: Each attorney of record and any unrepresented party must review and adhere to the Local Civil Rules of the Northern District of Texas, which may be accessed at http://www.txnd.uscourts.gov/rules/localrules/lr_civil.html. Also, each attorney of record and any unrepresented party must review and abide by the standards of litigation conduct for attorneys appearing in civil actions in the Northern District of Texas, as outlined in *Dondi Properties Corp. v. Commerce Savings & Loan*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc), which may be accessed at http://www.txnd.uscourts.gov/publications/index.html.

14. **Inquiries**: Questions relating to this scheduling order or legal matters should be presented in a motion, as appropriate. Questions regarding electronic notice or electronic case files shall be directed to the **Help Desk at 1-866-243-2866**. If any electronic equipment is needed in the courtroom, notify Brian Rebecek, Fort Worth Division Manager, at 817-850-6613.

It is so **ORDERED** on March 4, 2025.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE