IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF TEXAS – FORT WORTH DIVISION

Kelly Bland,

Plaintiff,

v. Civil Action No. 4:24-cv-01022-O-BP

1st Texas Health & Life LLC, and Aaron Hansome,

Defendants.

---

**DEFENDANT AARON HANSOME'S FIRST AMENDED COUNTERCLAIMS**

TO THE HONORABLE JUDGE REED C. O'CONNOR AND HONORABLE MAGISTRATE JUDGE HAL R. RAY, JR.:

Defendant Aaron Hansome, appearing pro se, hereby files the following First Amended Counterclaims against Plaintiff Kelly Bland, and states as follows:

---

## I. PARTIES

1. Counter-Plaintiff Aaron Hansome is an individual residing in San Ysidro, California.

2. Counter-Defendant Kelly Bland is, on information and belief, an individual residing in Texas.

---

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §1331 as they relate to Plaintiff's original TCPA complaint filed in this District.

4. Venue is proper under 28 U.S.C. §1391 because the events giving rise to these claims occurred in this District.

---

## III. FACTUAL BACKGROUND

5. Plaintiff has filed more than thirty (30) TCPA lawsuits across various jurisdictions, often using redacted evidence and concealing her prior litigation identity. *(Exhibits I)*

6. In this case, Plaintiff initiated first contact by returning a missed call from Defendant's business number. *(Exhibits A-6, A-11, B)*

7. After an additional inbound call from Plaintiff's phone number on April 16, 2024 during which Plaintiff feigned interest in insurance, Plaintiff and Defendant agreed to keep all communications in writing (Plaintiff specifically requested email communications). *(Exhibit A8)*

8. On April 26, 2024, Plaintiff called Defendant's office again after receiving no response to her prior $3,000 settlement demand. During this call, Plaintiff asked one of Defendant's contractors to have Defendant "call her immediately," then sent a follow-up email repeating the request, actions which constituted a clear violation of the parties' written communication agreement. *(Exhibit A-12)*

9. On February 28, 2025, Plaintiff again contacted Defendant by telephone, marking a second violation of the agreed-upon email-only communication protocol and further evidencing a pattern of provocation and entrapment. *(Exhibit A-23, last page)*

10. Plaintiff filed this lawsuit under the name "Kelly Bland" but had previously communicated and negotiated with Defendant only as "Kelly Pinn." *(Exhibit A-23, 2nd to last page)*.

11. Plaintiff's Complaint includes redacted call records and omits Plaintiff's own initiating conduct. *(Exhibit A-23, 2nd to last page)*.

12. Exhibits previously submitted in this case demonstrate:

- Plaintiff's pattern of serial TCPA litigation *(Exhibits I)*

- Plaintiff's use of redacted information to conceal key facts, including her own phone number in this case *(Exhibit I-6 and A23-Second to last page)*

- Plaintiff's voluntary engagement in conversations regarding insurance *(Exhibits A-6, A-7, B, C)*

- Two additional phone calls in direct violation of the email-only communication agreement *(Exhibits A-12, A-23)*

**IV. CAUSES OF ACTION**

### A. Fraud

14. Plaintiff falsely stated in her Complaint that she received an unsolicited phone call without her consent, even though she initiated the communication by returning a missed call, and knew this at the time she made the allegation. Plaintiff also redacted the phone number in her Complaint, thereby preventing Defendant from verifying the facts.

15. Plaintiff initiated the contact and then concealed the full nature of the interaction.

16. Plaintiff made these misrepresentations with intent to deceive and extract a monetary settlement.

17. Defendant relied on Plaintiff's misstatements in preparing his defense, incurring substantial time and costs.

### B. Intentional Misrepresentation

18. Plaintiff made false statements regarding the origin and nature of the calls.

19. Plaintiff changed her name from "Kelly Pinn" to "Kelly Bland" prior to filing suit, thereby denying Defendant the opportunity to assess her history or evaluate the legitimacy of her claims.

20. These misrepresentations were material and central to her TCPA claim.

21. Plaintiff intended both Defendant and the Court to rely on these falsehoods.

### C. Abuse of Process

22. Plaintiff filed this lawsuit with the ulterior motive of securing a quick monetary settlement.

23. Her extensive TCPA litigation history demonstrates a pattern of exploiting the judicial process for personal financial gain.

24. Plaintiff violated the parties' communication agreement by calling Defendant on April 26, 2024, and again on February 28, 2025, both following monetary demands.

25. Plaintiff's misuse of the judicial process constitutes an abuse of legal procedure rather than a pursuit of legitimate rights.

## V. AFFIRMATIVE DEFENSE: FAILURE TO MITIGATE DAMAGES

26. Plaintiff had the opportunity to avoid any alleged harm by declining to return the missed call or, at minimum, by disclosing during that callback that she believed the contact violated the TCPA.

27. Plaintiff instead initiated and continued telephone contact, thereby creating the conditions for the alleged harm.

28. Plaintiff failed to take reasonable steps to mitigate any damages, and therefore Defendant believes her claims should be denied or her recovery reduced accordingly.

**VI. PRAYER FOR RELIEF**

WHEREFORE, Defendant Aaron Hansome respectfully prays that the Court:

1. Deny Plaintiff's claims in full;
2. Award Defendant actual damages including, but not limited to, reputational harm, emotional distress, time lost from income-generating activities, and disruption to his family and professional life;
3. Award punitive damages for Plaintiff's fraudulent conduct, abuse of process, and calculated harassment;
4. Award Defendant all reasonable costs and expenses incurred in defending this action, including filing fees, documentation costs, and administrative burden;
5. Grant such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendant Hansome respectfully demands a trial by jury on all issues so triable.

**Respectfully submitted,**

Aaron Hansome

*Aaron Hansome*     Verified by pdfFiller 04/10/2025

Pro Se Defendant

641 E San Ysidro Blvd, Suite B3328

San Ysidro, CA 92173

aaronmhansome@gmail.com

(619) 289-7442

CERTIFICATE OF CONFERENCE

Pursuant to **Local Rule 7.1(a)**, I contacted Plaintiff **Kelly Bland** via email on **April 6, 2025** to confer regarding this Motion. Plaintiff responded on **April 7, 2025**, but declined to confirm whether she opposed or did not oppose the Motion, stating only:

*"You don't need to ask if I oppose or unopposed this motion."*

Accordingly, I am filing this Motion to respectfully advise the **Honorable Magistrate Judge Hal R. Ray, Jr.** that I made a good-faith effort to confer, but was unable to obtain a clear position from Plaintiff regarding her opposition or consent.

Aaron Hansome

*Aaron Hansome*   Verified by pdfFiller 04/10/2025

Pro Se Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2025, I served a true and correct copy of the foregoing Proposed First Amended Counterclaims via email to:

Kelly Bland

kellybland516@gmail.com

/s/ Aaron Hansome

Aaron Hansome

Pro Se Defendant

**Exhibits Already Submitted but Included for The Courts Convenience**

**Exhibit A-12**



**Exhibit A-23 (last 2 pages)**

**Plaintiff's Redacted Complaint and Screenshot of February 28, 2025 Phone Call**

---

7.  John Doe invaded Plaintiff's privacy and mobile telephone when John Doe sent Plaintiff a series of telemarketing calls soliciting health insurance on behalf of Defendants 1st Texas snd Hansome.

8.  Plaintiff has had no relationship with Defendants 1st Texas or Hansome, has no account with Defendants, has never provided any phone number to Defendants, and has never consented to Defendants sending any type of communication.

9.  Plaintiff has tried to eliminate the harassment and invasion of privacy from unauthorized telemarketing calls by registering her mobile telephone (817) XXX-XXXX on the National Do Not Call Registry ("DNCR") since February 9, 2009, but even that did not work.

10. "Robocalls are a nuisance. Congress banned them in the Telephone Consumer

Protection Act of 1991 ("TCPA"). But as every American knows, there are companies [—like 1st Texas, Inc in this case—] who refuse to get that message while collectively sending millions of others." *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 688 (5th Cir. 2021).

## PARTIES

11.     Plaintiff Kelly Bland is a resident of Fort Worth County, Texas.

12.     Defendant 1st Texas is a corporation based out of Texas.

13.     Defendant Hansome is an individual residing in Texas.

14.     John Doe is an unidentified offshore telemarketing company that makes solicitation phone calls at the instruction, direction, and oversight of Defendants 1st Texas and Hansome.

## JURISDICTION AND VENUE

15.     Jurisdiction.  This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow*

2

**Exhibit A-23 (last page)**



**EXHIBIT I-6**

**Summary of TCPA Lawsuits Filed by Plaintiff (Redacted Number List)**

| Name | Date modified | Type | Size |
|---|---|---|---|
| Class A Redacted - 817 Included - Pinn_v_International_Union_of_Police__flmdce-24-01084__0001.0.pdf | 11/27/2024 4:38 PM | Microsoft Edge P... | 469 KB |
| Class A Redacted - 2161 Included - Pinn_v_Live_Calls_Network_LLC__mddce-23-02927__0001.0.pdf | 11/27/2024 4:13 PM | Microsoft Edge P... | 234 KB |
| Class A Redacted - 2161 Included - PINN_v_NATIONS_AUTO_PROTECTION_LLC_et__njdce-22-05810__0001.0.pdf | 11/27/2024 4:33 PM | Microsoft Edge P... | 628 KB |
| Class A Redacted - 2161 Included - Pinn_v_Vehicle_Protection_Services_LLC__txndce-21-02907__0001.0.pdf | 11/27/2024 4:21 PM | Microsoft Edge P... | 95 KB |
| Class A Redacted - 2161 Included - Pinn_v_Xponential_Fitness_Inc__txndce-22-02684__0001.0.pdf | 11/27/2024 4:23 PM | Microsoft Edge P... | 413 KB |
| Class A Redacted - 2161 Included BLAND_v_ELOCALUSA_LLC__paedce-24-05036__0001.0.pdf | 11/27/2024 4:05 PM | Microsoft Edge P... | 308 KB |
| Class A Redacted - 2161 Included -Pinn_v_Tarkenton_Senior_Solutions_LLC__gandce-24-01962__0001.0.pdf | 11/27/2024 4:38 PM | Microsoft Edge P... | 331 KB |
| Class A Redacted - Bland_v_Lifetime_Health_Group_LLC__flsdce-24-81000__0001.0.pdf | 11/27/2024 4:07 PM | Microsoft Edge P... | 474 KB |
| Class A Redacted - Pinn_v_Consumer_Credit_Counseling_Foundation__candce-22-04048__0001.0.pdf | 11/27/2024 4:19 PM | Microsoft Edge P... | 154 KB |
| Class A Redacted - Pinn_v_United_Insurance_Professionals__ohsdce-24-00127__0001.0.pdf | 11/27/2024 4:08 PM | Microsoft Edge P... | 234 KB |
| Class A Redacted - elly_Pinn_v_Legal_Tax_Defense_Inc_et_al_cacdce-24-05778__0001.0.pdf | 11/27/2024 4:35 PM | Microsoft Edge P... | 187 KB |
| ClassA Redacted - 17 Included - Pinn_v_IJ_Wireless_Inc__ilndce-24-02315__0001.0.pdf | 11/27/2024 4:36 PM | Microsoft Edge P... | 255 KB |
| ClassA Redacted - 17 Included - Pinn_v_Pini_Insurance_LLC_et_al_flsdce-24-20751__0001.0.pdf | 11/27/2024 4:34 PM | Microsoft Edge P... | 473 KB |
| ClassA Redacted - 161 Included - Pinn_v_Ethos_Technologies_Inc_candce-23-03869__0001.0.pdf | 11/27/2024 4:17 PM | Microsoft Edge P... | 427 KB |
| ClassA Redacted - elly_Pinn_v_Global_Exchange_Vacation_Club__cacdce-22-01943__0001.0.pdf | 11/27/2024 4:17 PM | Microsoft Edge P... | 200 KB |
| Redacted 817 Included - Pinn_v_BETTER_TAX_RELIEF_LLC__txndce-24-00488__0001.0.pdf | 11/27/2024 4:40 PM | Microsoft Edge P... | 689 KB |
| Redacted 817 Included - Pinn_v_Thrive_360_LLC__txndce-24-00487__0001.0.pdf | 11/27/2024 4:40 PM | Microsoft Edge P... | 301 KB |
| Redacted 817 Included - Pinn_v_Transamerica_Life_Insurance_Company__txndce-24-00266__0001.0.pdf | 11/27/2024 4:36 PM | Microsoft Edge P... | 224 KB |
| Redacted 817-903 Included - Pinn_v_Greenstar_Power_LLC_et_al_txwdce-24-00066__0001.0.pdf | 11/27/2024 4:09 PM | Microsoft Edge P... | 263 KB |
| Redacted 817-903 Included - Pinn_v_Hufsey_Home_Services_Inc_et_al_txndce-23-01208__0001.0.pdf | 11/27/2024 4:37 PM | Microsoft Edge P... | 204 KB |
| Redacted 817-903 Included - Pinn_v_Lumio_HX_Inc__txndce-23-01138__0001.0.pdf | 11/27/2024 4:14 PM | Microsoft Edge P... | 188 KB |
| Redacted 817---2161 Included - Pinn_v_TogetherHealth_Insurance_LLC__txndce-23-00251__0001.0.pdf | 11/27/2024 4:25 PM | Microsoft Edge P... | 277 KB |
| Redacted 817---2161 Robinson Included - Pinn_v_Energy_Solutions_Direct_Solar__txndce-21-02330__0001.0.pdf | 11/27/2024 4:28 PM | Microsoft Edge P... | 155 KB |
| Redacted Bland_v_1st_Texas_Health__Life_LLC_et_txndce-24-01022__0001.0.pdf | 11/27/2024 4:02 PM | Microsoft Edge P... | 770 KB |
| Redacted Bland_v_Accucare_Ins_LLC_et_al__txndce-24-01079__0001.0.pdf | 11/27/2024 4:04 PM | Microsoft Edge P... | 816 KB |
| Redacted Bland_v_CHW_Group_Inc__txndce-24-00876__0001.0.pdf | 11/27/2024 4:03 PM | Microsoft Edge P... | 1,346 KB |
| Redacted Bland_v_Everdays_Inc_et_al__txndce-24-00946__0001.0.pdf | 11/27/2024 4:08 PM | Microsoft Edge P... | 5,372 KB |
| Redacted Bland_v_Lightbeam_Lending_Inc_et_al_txedce-24-00595__0001.0.pdf | 11/27/2024 3:59 PM | Microsoft Edge P... | 320 KB |
| Redacted Bland_v_OUR_WORLD_ENERGY_LLC_et_al_txndce-24-00994__0001.0.pdf | 11/27/2024 4:07 PM | Microsoft Edge P... | 227 KB |
| Redacted Bland_v_Pacific_Green_Energy_LLC__txndce-24-01078__0001.0.pdf | 11/27/2024 4:04 PM | Microsoft Edge P... | 1,399 KB |
| Redacted Bland_v_The_Allstate_Corporation__ilndce-24-07077__0001.0.pdf | 11/27/2024 3:54 PM | Microsoft Edge P... | 319 KB |