June 18, 2025

TO THE HONORABLE JUDGE REED C. O'CONNOR

AND HONORABLE MAGISTRATE JUDGE HAL R. RAY, JR.

United States District Court

Northern District of Texas – Fort Worth Division

501 W. 10th Street, Room 310

Fort Worth, TX 76102

**Re: Bland v. 1st Texas Health & Life LLC, et al.**

**Case No. 4:24-cv-01022-O-BP**

Dear Judge O'Connor and Judge Ray:

Please find attached Defendant's Motion to Compel Discovery, which includes:

- A sworn declaration under 28 U.S.C. § 1746   - **Page 9 of This Document.**

- Exhibits A-25 and A-26, referenced within the motion

- Proof of prior meet-and-confer under Local Rule 7.1

- A Certificate of Service to Plaintiff  - **Pages 11 & 12 of This Document.**

Defendant respectfully requests the Court's consideration of this motion, which addresses Plaintiff's failure to meaningfully respond to outstanding discovery, including blanket objections to all interrogatories and refusal to produce documents.

Thank you for your attention to this matter.

Respectfully submitted,

*Aaron Hansome*

Aaron Hansome (Pro Se Defendant)

641 E San Ysidro Blvd, B3328

San Ysidro, CA 92173

Email: aaronmhansome@gmail.com

Phone: (619) 289-7442

---

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| Kelly Bland, | § | |
|    Plaintiff, | § | |
| v. | § | Civil Action No. 4:24-cv-01022-O-BP |
| 1st Texas Health & Life LLC, et al., | § | |
|    Defendants. | § | |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2025, I served a true and correct copy of the following documents:

- Motion to Compel Discovery

- Declaration of Aaron Hansome (in support of motion)

- Exhibit A-25 – Leaked Vendor Info Referencing Mr. Newman

- Exhibit A-26 – Summary of Mr. Newman's Known TCPA Cases

- Certificate of Conference (attached within Motion)

These materials were served via email on:

Kelly Bland

Plaintiff, Pro Se

Email: kellybland516@gmail.com

I certify under penalty of perjury that the foregoing is true and correct.

Executed on June 17, 2025.

Respectfully submitted,

/s/ Aaron Hansome

Aaron Hansome

(Pro Se Defendant)

Email: aaronmhansome@gmail.com

Phone: (619) 289-7442

641 E San Ysidro Blvd, B3328

San Ysidro, CA 92173

**MOTION TO COMPEL: SUPPLEMENTAL FACTUAL BASIS FOR REQUESTED DISCOVERY**

    I.    **LACK OF ARTICLE III STANDING (TRACEABILITY & CONTROL)**

• Plaintiff's claim hinges on calls she attributes to Defendant, yet the only known call placed by Defendant came from a vendor claiming to be working with Plaintiff's only witness, Mr. Newman. (See Exhibit A-25page 8 of 13) That call was missed and returned voluntarily by Plaintiff.

• Defendant's outbound calls were made from vendor-supplied data subject to a compliance contract and understood to be DNC-compliant. Defendant still took precautionary steps to ensure compliance.

• Defendant independently scrubbed that data but later confirmed, via scrub vendor admission in email, that flagged numbers were not removed as expected due to a misunderstanding.

• Plaintiff never disclosed DNC status or objected to contact beyond one request to not receive more calls, a request that Defendant honored, also submitting evidence that vendors were made aware of Plaintiff's (then known as "Kelly Pinn") email demands.

• All Plaintiff interactions suggested interest in insurance or monetary payout.

• Plaintiff and her witness, Mr. Wes Newman, allege receipt of calls from entities such as "Nationwide," individuals identified as "Sam Cooper" and "Kevin Joseph," and a source Mr. Newman labeled "Obamacare Affordable Act Connectivity," as well as from the number 800-**773**-3070, which appears to be a transposition of Defendant's actual number, 800-**733-**3070. No evidence has been produced linking these names or numbers to Defendant, nor suggesting Defendant directed or authorized such calls. Plaintiff's additional reference to 817-535-0523 also lacks evidentiary support,

despite Defendant's vendor audits and direct inquiries, as documented in Exhibit A9 (Amjad) and Exhibit A24, Page 11 of 30 (Abdul Hadi a/k/a Mark Curtis). No vendor or employee affiliated with Defendant has been shown to use the alleged identities or phone numbers, therefore Plaintiff cannot demonstrate that Defendant directed such calls.

• Plaintiff attributes a call from 817-535-0523 to Defendant's office; however, none of Defendant's vendors ever disclosed using the name "Nationwide" insurance or having an agent named "Ed." Defendant has audited all vendors (See Exhibits A-9 & A-24 page 11 of 30) and none have claimed responsibility.

II.     **WITNESS CREDIBILITY – MR. NEWMAN**

• Mr. Newman received a call during the same 4-hour dialing block as Plaintiff, from P-Tech's list sent by Amjad. Not only was Amjad in a compliance agreement with a clear understanding that Defendant Hansome would only accept compliant calls, but on April 21, 2024, in Exhibit A-25 (page 8 of 13), Amjad clearly states that he was working with Mr. Newman, around the same time that Vendor Mark (AKA Abdul hadi) from Global Calls would've received recently discovered leaked private audio from Defendant. On the 21st of April in WhatsApp Amjad states: *"Wes is tkaing information from me regarding his larger law suits."*

• Mr. Newman sent a demand letter attributing multiple, completely unknown calls and vendors to Defendant's agency, mirroring Plaintiff's claims.

• Mr. Newman appears to have transposed Defendant's business number (800) 733-3070 (chosen by Defendant due to the spiritual significance of the numbers 3 and 7) and **alleged it spoofed a government regulatory body, suggesting criminal intent**.

• Both Mr. Newman and Plaintiff engaged in similar attribution tactics, blaming downstream call originators that remain yet unidentified, while demanding

compensation from final recipients assigning the label of "Vicarious Liability" when in all of Defendant Hansome's records, there is nothing ambiguous about the calls Hansome accepted. **It was always made perfectly clear to everyone with no exceptions that Hansome would terminate any vendor not following the law**.

- Amjad from P-Tech and Mark Curtis (a/k/a Abdul) from Global Calls **both implicated Mr. Newman as their litigation confidant**. Amjad explicitly confirmed this in a WhatsApp message dated April 21, 2024 (Exhibit A-25, page 8 of 13), and Abdul Hadi (a/k/a Mark) alluded to it in a separate message dated June 9, 2025 (Exhibit A-25, page 7 of 13).

- **Mr. Newman failed to disclose these facts in his affidavit**, namely, his prior TCPA litigation activity and **admitted ties to Plaintiff and the now discovered ties to Defendant's vendor network**, raising concerns under FRE 403 (risk of unfair prejudice and misleading the Court) and FRE 602 (lack of personal knowledge regarding the origin of the alleged calls). Mr. Newman's number came from the same flawed vendor list, affected by a known DNC scrubbing failure from a vendor that stated on April 21, 2024 that he and Mr. Newman were working together, and Mr. Newman appears to indicate the same in his signed affidavit for Plaintiff.

- Mr. Newman has submitted a supporting affidavit for Plaintiff, despite being a repeat TCPA plaintiff himself with a known litigation history that ties him to Mrs. Bland:
    - Schwartz v. The Hall Insurance Group Inc. (1:23-cv-00374) – Filed 6-16-2023 (Plaintiff & Mr. Newman appear as witnesses on behalf of Mr. Schwartz.)
- Newman v. Quality One Inc. et al (1:20-cv-01685) – Filed 3/9/2020
- Newman v. Integrity Marketing Group, LLC (1:24-cv-03188) – Filed 5/22/2024
- Newman v. Benefytt Technologies, Inc. et al (1:22-cv-04845) – Filed 9/8/2022
- Newman v. Florida Insurance Services, Inc. (1:23-cv-16980) – Filed 12/21/2023
- Newman v. My Lifetime Advisors, LLC et al (1:23-cv-16981) – Filed 12/21/2023

- Newman v. Byron Udell & Associates, Inc. et al (1:24-cv-13267) – Filed 12/27/2024

- Newman v. DeMayo Law Offices, LLP et al (3:25-cv-00042) – Filed 1/21/2025

- Newman v. Kaila & Solomon Law Group LLC et al (1:25-cv-01471) – Filed 3/20/2025

- Newman v. Elite Agency LLC (0:25-cv-60634) – Filed 4/2/2025

- Newman v. Powur, PBC (1:25-cv-05769) – Filed 5/22/2025

- Newman v. SelectQuote Insurance Services (1:25-cv-05756) – Filed 5/22/2025

These suits reflect a similar pattern similar to Plaintiff of filing and quick voluntary dismissals, often without resolving underlying claims, indicative of similar litigation pressure. Defendant has included a table (Please see Exhibit A-26) with more details to ensure the court has a record of these current findings.

### III.    GOOD FAITH & VENDOR OVERSIGHT BY DEFENDANT

• Defendant scrubbed lead list, verified vendor practices, and terminated violators.

• Defendant provided chat transcripts and vendor reports proving proactive oversight (Exhibits A1 through A-24 and D1 through D-14).

• No one ever admitted using the phone number (817) 535-0523, despite Defendant auditing every vendor associated with the Plaintiff's calls.

• On February 21, 2024, Mark Curtis (a/k/a Abdul) of Global Calls routed a call from Plaintiff to Defendant and subsequently sought payment for it through the internal vendor system. This is the same vendor who, in Exhibit A-24 (pages 18 and 20), made multiple statements indicating he had spoken with Plaintiff, met with her husband, and discussed Mr. Newman. **Notably, despite these admissions, Plaintiff has not raised any concerns about this particular call. Additionally, private communications between Defendant and this vendor were later leaked to Plaintiff.**

• The 817-535-0523 call now serves as a cornerstone of Plaintiff's claim, despite the fact that no vendor has claimed ownership of the number, no party has requested or received payment for calls from it, and its origin remains unverified, raising serious concerns about its legitimacy and its role in supporting Plaintiff's overall allegations.

IV.  **PATTERN OF FINANCIAL DEMANDS & LITIGATION PRESSURE (ABUSE OF PROCESS / BAD FAITH)**

• Defendant has reason to believe that Plaintiff may be working in coordination with the only two vendors known to have routed her calls to Defendant, namely P-Tech and Global Calls, both of whom have also referenced a working relationship with Plaintiff's primary witness, Mr. Newman. This connection was not disclosed by Plaintiff and only became apparent upon review of Plaintiff's own production, including screenshots (see Exhibit A-25, page 3 of 13) and leaked audio recordings originally transmitted to vendor Mark Curtis (also known as Abdul Hadi) of Global Calls. Prior and subsequent follow-up conversations with both vendors further revealed this relationship. These findings raise serious concerns regarding potential undisclosed coordination and reinforce the need for additional compelled discovery.

• **Please See Exhibit A-25**

1. Screenshots of Defendant's WhatsApp received from Plaintiff. (Page 3 of 13)
2. The complete email chain between Defendant and Mr. Newman. (Pages 7-13)
3. A summary of WhatsApp chats in which Mr. Newman is referenced by **both vendors known to have routed Plaintiff's calls to Defendant (and the only known vendor to have routed Mr. Newman's number to Defendant).** (A-25 Pages 7 & 8 of 13)
4. An excerpt from Defendant's June 8 call with vendor Abdul Hadi (AKA Mark Curtis) regarding leaked voice messages originally sent to him. **This was the first instance in which Defendant confronted Mr. Hadi about the disclosure**; notably, **Mr. Hadi mentioned Mr. Newman as a potential source the following day. Both Abdul Hadi of Global Calls and Amjad Adil of P-Tech referenced Mr. Newman in a manner suggesting cooperation or alignment.** (Pages 7 & 8 of 13)

• Any record of Hansome's will demonstrate that Defendant Hansome never knowingly allowed any vendor to send illegal calls, but instead actively threatened vendors with termination over such behavior.

Following the 1 missed call from P-Tech's list, Plaintiff began escalating financial demands:

- $8,000 → $3,000 → $12,000 → eventual $54,000 lawsuit.

- Plaintiff did not raise any concern regarding her use of multiple identities, specifically, the transition from "Kelly Pinn" to "Kelly Bland" prior to filing suit, nor did she disclose this identity change to Defendant.

Defendant believes this sequence aligns with a pattern of pre-litigation monetary threats, not post-injury legal remedies.

• Plaintiff confirmed in Discovery **the use of a single phone number in over 30 TCPA lawsuits within 3 years**, raising questions about how such a volume of unwanted calls could be targeting the same phone number that has been on the DNC during that same and entire three year period.

• Plaintiff used vendor-leaked WhatsApp messages and audio to bolster her case, demonstrating questionable coordination behind the scenes.

• The presence of Mr. Newman as a co-strategist, vendor-ally, and litigation actor, further supports the theory that this suit is part of a cottage-industry litigation strategy, not a legitimate consumer protection case.

V.  **INTERROGATORY OBSTRUCTION (GROUNDS FOR MOTION TO COMPEL)**

**Plaintiff gave blanket objections to all 8 of Defendant's Interrogatories, including:**

1. **Refusing to identify prior TCPA suits.**

2. **Blocking disclosure of lawsuit-related income.**

3. **Refusing to identify third-party coordination (Mr. Newman, Amjad, Mark AKA Abdul).**

4. **Refusing to explain the "Kelly Pinn" identity switch.**

5. Refusing to confirm the number of calls or support the ATDS claim.

6. Refusing to list mitigation efforts like opt-outs, call blocking, or complaints.

• **Defendant served a meet-and-confer letter on June 1, 2025, providing Plaintiff until June 7, 2025 to cure.**

• No response has been received as of June 16, 2025.

• Proof of this communication is included on page 8 of this document.

## VI. DECLARATION AND EXHIBIT NOTICE

Defendant discovered the vendors' references to Mr. Newman **only after Plaintiff's own production revealed leaked chats and confidential recordings**, prompting direct inquiries with the vendors themselves. These conversations, along with prior overlooked ties, form the basis of the supplemental declaration and new exhibit submissions.

• Defendant has included a sworn declaration and the end of this document restating:

- Timeline of Mark (AKA Abdul) and Amjad interactions concerning Mr. Newman.

- What they admitted.

- Defendant's entire interaction with Mr. Newman

- That prior chats submitted included full threads, while Exhibit A-25 is a distilled supplement.

## VII. EXHIBITS AND FORMATTING PER LOCAL RULES

• Exhibit A-25: Plaintiff's screenshots showing what were believed to be private conversations being forwarded, chats with the only two vendors known to send Defendant non-compliant calls, their chats referencing Mr. Newman, and complete email chain between Defendant & Mr. Newman,

• Exhibit A-26: Mr. Newman TCPA Presently Known Case Summary Table (submitted as a landscape page per Local Rule formatting guidance).

• **June 1 meet-and-confer email and certificate of conference located on page 9 of this document.**

-8 of 12-

**PRAYER FOR RELIEF** Defendant respectfully moves this Court to:

1. Compel Plaintiff to disclose all pre-suit vendor communications, including demand emails.

2. Compel clarification of Mr. Newman's role and relationship with Plaintiff and Defendant Hansome's vendors.

3. Permit submission of supplemental evidence (Exhibits A-25 through A-27) without prejudice.

4. Grant any further relief this Court deems just and proper.

Respectfully submitted,

Aaron Hansome
*Aaron Hansome*
641 E San Ysidro Blvd, B3328
San Ysidro, CA 92173
Email: aaronmhansome@gmail.com
Phone: (619) 289-7442
Pro Se Defendant

Verified by pdfFiller
06/17/2025

-8 of 12-

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF TEXAS**

**Kelly Bland**, ) Plaintiff, ) ) vs. ) Civil Action No. 4:24-cv-01022 ) **1st Texas Health & Life, LLC, et al.**, ) Defendants. )

**DECLARATION OF AARON HANSOME IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL**

I, Aaron Hansome, declare under penalty of perjury pursuant to 28 U.S.C. §1746 as follows:

1. I am the individual defendant in the above-captioned matter and have personal knowledge of the facts stated herein.

2. On or about June 1, 2025, I sent a meet-and-confer letter to Plaintiff regarding her blanket objections to my interrogatories. Plaintiff was given until June 7, 2025, to cure these deficiencies. As of June 16, 2025, I have not received any substantive response.

3. After reviewing Plaintiff's discovery production, I identified screenshots and audio messages indicating that confidential WhatsApp conversations and vendor communications were being shared with Plaintiff.

4. This production also revealed that both Amjad Adil of P-Tech and Abdul Hadi (also known as Mark Curtis) from Global Calls referenced working with Mr. Wes Newman, Plaintiff's declared witness. These vendors had previously routed calls to my agency and are the only known sources connecting Plaintiff to my operations.

5. In a WhatsApp message dated April 21, 2024, Amjad stated: "*Wes is tkaing information from me regarding his larger law suits*." This directly implicates Mr. Newman as participating in the vendor relationship.

6. In a call on June 8, 2025, and a subsequent message dated June 9, 2025, Abdul Hadi acknowledged Mr. Newman as a likely source of leaked private recordings.

7. Mr. Newman also received a call from a vendor list provided by Amjad on the same day and during the same 4 hour call session as Plaintiff. They were believed to be a compliant

-9 of 12-

list (not a litigators list) and I scrubbed the list before calling it, but the DNCs were mistakenly only flagged, and not removed.

8. My only known direct interaction with Mr. Newman occurred when Mr. Newman started messaging me on WhatsApp, for which I asked Mr. Newman to correspond through email. From there forward, was via email, which is included in Exhibit A-25 (pages 9 through 13). This correspondence does not suggest any improper conduct or admission of wrongdoing.

9. The information summarized in Exhibit A-25 is a distilled supplement from broader chat threads and email chains, some already produced in prior exhibits, and all available for the courts inspection any time.

10. Mr. Newman has been involved in multiple TCPA lawsuits within a short time frame, several of which reflect coordination or parallel filings with Plaintiff Kelly Bland or similar actors. Exhibit A-26 includes a summary of these known cases.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 17, 2025, in San Ysidro, California.

Aaron Hansome

*/s/ Aaron Hansome*

Verified by pdfFiller
06/17/2025

641 E San Ysidro Blvd B3328

San Ysidro, CA 92173

Email: aaronmhansome@gmail.com

Phone: 619-289-7442

6/16/25, 11:39 PM                    Gmail - Meet and Confer Request: Discovery Deficiencies – Bland v. 1st Texas Health & Life, et al. (4:24-cv-01022)

Case 4:24-cv-01022-O-BP     Document 67     Filed 06/18/25     Page 14 of 15     PageID 650



Aaron Hansome <aaronmhansome@gmail.com>

---

## Meet and Confer Request: Discovery Deficiencies – Bland v. 1st Texas Health & Life, et al. (4:24-cv-01022)

---

**Aaron Hansome** <aaronmhansome@gmail.com>                                                     Sun, Jun 1, 2025 at 7:35 PM
To: Kelly Bland <kellybland516@gmail.com>

**To:** Mrs. Kelly Bland

**From:** Hansome (Defendant, Pro Se)
**Date:** June 1, 2025
**Re:** Discovery Deficiencies and Request for Compliance under Fed. R. Civ. P. 26–37 and L.R. 7.1

Dear Mrs. Bland,

Pursuant to Local Rule 7.1 of the Northern District of Texas and the Court's instructions in Docket No. 61, Defendant respectfully seeks to resolve ongoing discovery issues by initiating a meet-and-confer (via email) regarding Plaintiff's responses served on or around May 16, 2025, in response to Defendant's First Set of Interrogatories, Requests for Admission, and Requests for Production, which were originally served on March 23, 2025.

---

### 1. Interrogatories – Blanket Objections Without Substantive Answers
Plaintiff objected to every interrogatory without providing any factual or narrative response. This appears inconsistent with the obligations under Rule 33, which requires that each interrogatory be answered separately and fully, unless it is objected to, and that any objection <u>must be stated with specificity</u> and not be evasive.

---

### 2. Requests for Admission – Unsupported or Unexplained Denials
Many denials, such as that found in RFA No. 72, were made <u>without any accompanying documentation or explanation</u>, despite referencing facts likely to be within Plaintiff's possession or control. Under Rule 36(a)(4), denials must fairly respond to the substance of the matter and <u>should include qualification or justification</u> where appropriate.

---

### 3. Requests for Production – No Documents or Written Responses Provided
As of this writing, Plaintiff has not produced <u>any documents</u> in response to the Requests for Production nor provided written responses stating whether documents are being withheld or are unavailable. No privilege log has been provided. This appears to be a direct omission under Rule 34(b)(2).

---

### 4. Delays Already Acknowledged by the Court
Plaintiff's responses were already subject to delay, as acknowledged in Docket No. 61. Technical difficulties were cited, yet the subsequent responses <u>lack both completeness and evidentiary support,</u> impeding the fair and efficient resolution of discovery.

---

6/16/25, 11:39 PM  Gmail - Meet and Confer Request: Discovery Deficiencies – Bland v. 1st Texas Health & Life, et al. (4:24-cv-01022)

Case 4:24-cv-01022-O-BP    Document 67    Filed 06/18/25    Page 15 of 15    PageID 651

**Request for Specific Action by June 7, 2025**

Defendant respectfully requests that Plaintiff:

- Serve complete, non-evasive responses to each interrogatory;

- Supplement denials in the RFAs with documentation or qualifying explanations;

- Produce documents responsive to the Requests for Production or state with specificity any valid objections or claim of privilege (including a privilege log).

---

Should these issues remain unresolved by the above date, Defendant will have no other choice but to file a motion to compel pursuant to Rule 37 and seek further relief from the Court. This letter is submitted in good faith in an effort to confer and resolve the dispute without burdening the Court.

Respectfully,

**/s/ Aaron Hansome**
Aaron Hansome
Email: AaronMhansome@gmail.com
Phone: (619) 289-7442
Address: 641 E San Ysidro Blvd, B3328
San Ysidro, CA 92173

CONFIDENTIALITY NOTICE: The Materials contained in this electronic mail transmission (including all attachments) are private and confidential and are the property of the sender. No information contained herein should be considered legal or tax advice. If you need legal or tax advice you should consult a licensed attorney or tax adviser. The information contained herein is privileged and is intended only for the use of the named addresses(s). You are hereby notified that any unauthorized dissemination, distribution, copying, disclosure, or the taking of any action in reliance of the contents of this material is strictly prohibited. If you have received this electronic mail transmission in error, please immediately notify the sender.