UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **KELLY BLAND,** § § § § **Plaintiff,** § § v. § § **1ST TEXAS HEALTH & LIFE LLC**, a Texas § Limited Liability Company, **AARON** § **HANSOME** an Individual, and **JOHN DOE** § **Defendant.** § § | Case No. 4:24-cv-01022-O-BP |

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM

Plaintiff Kelly Bland hereby files her Answer to Defendant Aaron Hansome's Amended Counterclaims, and states as follows:

### I. PARTIES

1. Plaintiff admits this allegation.

2. Plaintiff admits this allegation.

### II. JURISDICTION AND VENUE

3. Plaintiff denies this allegation.

4. Plaintiff denies this allegation.

### III. FACTUAL BACKGROUND

5. Plaintiff admits she has filed lawsuits under the TCPA, some of which redacted her telephone number and/or used her maiden name. Plaintiff otherwise denies this allegation.

6. Plaintiff denies this allegation.

7. Plaintiff denies this allegation except to the extent that, on April 18, 2024, she asked that all further communication be in writing via email.

8. Plaintiff admits this allegation, but denies any allegation that any enforceable contract existed between the parties on this point, or that Plaintiff ever breached such contract.

9. Plaintiff denies this allegation except to the extent that that she called Defendant on February 28, 2025.

10. Plaintiff admits she got married and changed her name, and filed this complaint under her married name.

11. Plaintiff denies this allegation except to the extent that she redacted her telephone number in her complaint.

12. Plaintiff denies this allegation.

## IV.   CAUSES OF ACTION

### A.   Fraud

14. Plaintiff denies this allegation except to the extent that she redacted her telephone number in her complaint.

15. Plaintiff denies this allegation.

16. Plaintiff denies this allegation.

17. Plaintiff denies this allegation.

### B.   Intentional Misrepresentation

18. Plaintiff denies this allegation.

19. Plaintiff admits she got married and changed her name, and filed this complaint under her married name. Plaintiff otherwise denies this allegation.

20. Plaintiff denies this allegation.

21. Plaintiff denies this allegation.

### C.     Abuse of Process

22. Plaintiff denies this allegation.

23. Plaintiff denies this allegation.

24. Plaintiff admits she called Defendant on April 26, 2024, but otherwise denies this allegation and specifically denies any allegation that any enforceable contract existed between the parties not to call, or that Plaintiff ever breached such contract.

25. Plaintiff denies this allegation.

### V.     AFFIRMATIVE DEFENSE: FAILURE TO MITIGATE DAMAGES

26. Plaintiff denies this allegation.

27. Plaintiff denies this allegation.

28. Plaintiff denies this allegation.

### PLAINTIFF'S AFFIRMATIVE DEFENSES

29. Defendant's alleged claims are barred, in whole or in part, by the applicable statutes of limitation, laches, waiver, payment, unclean hands, accord and satisfaction, and/or estoppel.

30. Defendant's alleged claims are barred, in whole or in part, by setoff, deduction, or recoupment.

31. Defendant's alleged claims are barred, in whole or in part, because Defendant fails to state a cause of action upon which relief can be granted.

32. Defendant's alleged claims are barred, in whole or in part, by estoppel.

33. Defendant's alleged claims are barred, in whole or in part, by waiver.

34. Defendant's alleged claims are barred, in whole or in part, by ratification.

35. Defendant's alleged claims are barred, in whole or in part, by failure to mitigate his damages.

Plaintiff reserves the right to assert any affirmative defenses when facts supporting said affirmative defenses become known and/or available to her.

## **PRAYER**

WHEREFORE, Plaintiff prays that this Court:

(1) Enter a judgment against Defendant on all his claims; and

(2) Grant Plaintiff such other and further relief, both at law and in equity, to which she may show itself to be justly entitled.

Dated June 19, 2025

Kelly Bland
Plaintiff, Pro Se
709 N FM 1187
Suite 800 #60
Aledo, TX 76008
Phone: 817-903-2161
Kellybland516@gmail.com

Plaintiff received assistance of counsel (Ethan Preston, Preston Law Offices, Dallas, Texas, www.eplaw.us) preparing this document. Plaintiff and counsel have agreed the scope of counsel's representation in this matter is limited to such assistance, and subject to the condition that Plaintiff make this disclosure to the Court in any filing which was prepared with counsel's assistance. *See* Texas Disciplinary Rule of Prof'l Conduct 1.02(c) & cmt. 4. Plaintiff does not seek favor or treatment ordinarily afforded *pro se* litigants with respect to this filing.