UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **KELLY BLAND,** § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> **1ST TEXAS HEALTH & LIFE LLC**, a Texas § <br> Limited Liability Company, **AARON** § <br> **HANSOME** an Individual, and **JOHN DOE** § <br> **Defendant.** § <br> § | Case No. 4:24-cv-01022-O-BP |

**PLAINTIFF'S RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the [] claim is and the grounds upon which it rests,'" but it still imposes meaningful pleading standards in federal court. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8 requires allegations "plausibly suggesting (not merely consistent with)" liability: it is not sufficient to get "close to stating a claim" if a complaint "stops short of the line between possibility and plausibility" absent "some further factual enhancement." *Id*. at 557.

Plaintiff moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on Defendant's counterclaim. Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020). "The standard for dismissal under Rule 12(c) is the same as that under Rule 12(b)(6)." Id. "To survive a 12(c) motion, 'a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" *Mandujano v. City of Pharr, Texas*, 786 F. App'x 434, 437 (5th Cir. 2019). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

   None of Defendant's counterclaim state a viable cause of action. At bottom, the basis for Defendant's counterclaim is that Plaintiff files too many TCPA lawsuits to have legitimate claims in this case.

> In the [] context of "a prolific filer of TCPA suits," courts have "rejected the argument that because prolific filers turn telephone solicitations into money makers, they are not harmed and thus cannot bring a TCPA suit," reasoning that "[t]hat a plaintiff has filed numerous TCPA claims does not alone divest that plaintiff of standing to sue" and where a plaintiff "alleges his phone number was on a 'Do Not Call' list and there is no indication that he ever called Defendant," the "[p]laintiff's other TCPA suits do not block him from proceeding with the instant case."

*Noviello v. Holloway Funding Grp.*, No. 3:22-CV-52-BN, 2023 WL 2195768, *2 (N.D. Tex. Feb. 23, 2023). There is not "anything out of the ordinary or constitutionally suspect about a plaintiff's being motivated by the prospect of reaping a reward rather than simply vindicating or receiving restitution for his constitutionally sufficient injury." Id. (quoting *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1195-96 (M.D. Tenn. 2017)).

> Defendants suggest that, by becoming a so-called "professional plaintiff," he has forfeited [his TCPA] rights because the calls alleged were not truly unwanted. [] It may be that [a plaintiff] was not saddened or annoyed by the calls he received; it may even be that, knowing his rights under the TCPA, he is glad the calls were placed. But allowing that fact, even if true, to negate his right to privacy and seclusion would require the Court to embrace a line of reasoning that would ultimately undermine the rights of most, if not all, TCPA plaintiffs and plaintiffs in similar statutory schemes. The TCPA entitles a plaintiff to statutory damages in the generous amount of $500 per violation – a figure that can be tripled for a willful and knowing violation. 47 U.S.C. § 227(b)(3), (c)(5). The Court ventures to guess that many ordinary people – not merely "professional plaintiffs" – would accept the fleeting invasion of their privacy associated with an unsolicited robo-call for the reward of $1500 – or even $3000, if more than one TCPA provision was

>violated. If Cunningham has forfeited his right to privacy because he allegedly welcomed the calls, so too have those potential plaintiffs – or, at the very least, they lost their privacy rights the moment they understood they could sue to vindicate them.

*Id*. (same). The fact that Plaintiff has vindicated her rights under the TCPA in other cases does not stop her from vindicating her rights in this case.

### **DEFENDANT CANNOT ALLEGE COGNIZABLE DAMAGES**

Defendant asserts various claims which all rely on damages allegedly incurred in responding to Plaintiff's complaint. (Def.'s Countercl. ¶¶14, 17, 21, 25.) Whatever Defendant's claim, the time and expense Defendant has incurred defending this case (including his investigation into Plaintiff) are not legally cognizable injuries. In Texas, parties cannot "recover damages for 'the value of the time they spent in defending themselves,' which 'time they would otherwise have spent representing their clients.'" *Shore Chan Bragalone Depumpo LLP v. Greenwich Ins. Co.*, 904 F. Supp. 2d 592, 600 (N.D. Tex. 2012) (quoting *Tana Oil & Gas Corp. v. McCall*, 104 S.W.3d 80, 81-82 (Tex. 2003)). It is well established that "expenses in attending court, and loss of time in prosecuting their own suit for its recovery," are not "proof of actual injury" in Texas. *Id*. at 601. (collecting cases). "Texas law is clear that [] costs incurred in the prosecution or defense of a claim [] are not damages," and "consistent with the well-settled 'American Rule' [] are not recoverable unless authorized by statute." *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 135 (Tex. 2019). "The general rule in Texas is that expenses incurred in prosecuting or defending a suit are not recoverable as costs or damages unless recovery for such items is expressly provided for by contract or statutory provision." *Baja Energy, Inc. v. Ball*, 669 S.W.2d 836, 838 (Tex. App.—Eastland 1984). No such statute applicable here.

Likewise, courts have "long rejected attempts to achieve standing through litigation costs alone"—"'a plaintiff cannot achieve standing to litigate [] by bringing suit for the cost of bringing suit.'" *Van Deelen v. Jones*, No. 4:23-CV-03729-AM, 2024 WL 3852349, *10 (S.D. Tex. Aug. 16, 2024) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998), collecting cases)). "It is fundamental that no plaintiff may claim as injury the expense of preparing for litigation, for then the injury-in-fact requirement would pose no barrier." *OCA-Greater Houston v. Texas*, 867 F.3d 604, 611 (5th Cir. 2017).

> Quite simply, anytime a plaintiff must resort to litigation to enjoin the defendant from engaging in illegal conduct, arguably the plaintiff has been injured in the amount of its attorney's fees spent to obtain the injunction. [If that were the rule], each plaintiff could recover the costs of this prior litigation as part of its damages in any subsequent action involving the same conduct. Such a result, however, is clearly barred by our prior decisions. The American Rule precludes courts from awarding attorney's fees incurred during prior proceedings in the same case. [] This rule is universally followed in order to avoid the endless stream of litigation that might ensue if successful litigants could recover their attorney's fees in subsequent actions: "immediately upon the entry of judgment the plaintiff would start another action against the defendant for his attorney fees and expenses incurred in obtaining the preceding judgment."

*Summit Valley Indus. Inc. v. Loc. 112, United Bhd. of Carpenters & Joiners of Am.*, 456 U.S. 717, 725-26 (1982). Defendant cannot manufacture standing by simply defending a lawsuit—no matter how many times he supplements his filings. All lawsuits require time and attention. If Defendant's counterclaims were valid, all defendants could state a counterclaim based merely on the fact they were defendants. Indeed, Plaintiff could file a supplemental complaint based on the time and emotional distress from being forced to defend Defendant's counterclaim. This result is contrary to the American Rule and the standing requirements in federal court.

**<u>DEFENDANT DOES NOT COMPLY WITH RULE 9(b)</u>**

Defendant asserts claims for fraud and intentional misrepresentation. These claims are subject to Rule 9(b). (Def.'s Countercl. ¶¶14-21.) "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The argument above shows that Defendant cannot allege injury or damages based on responding to Plaintiff's complaint. To the extent Defendant alleges Plaintiff's extra-judicial conduct somehow constituted actionable fraud, he has not given Plaintiff "fair notice of [] the grounds" for his claims or pled his fraud claims "with particularity." *Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 9(b). (*Cf.* Def.'s Countercl. ¶¶14, 18 (alleging "Plaintiff falsely stated in her Complaint" and "made false statements regarding the origin and nature of the calls").) Rule 9(b) requires Defendant to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Elson v. Black*, 56 F.4th 1002, 1009 (5th Cir. 2023). Defendant simply has not done that, except for allegations arising from Plaintiff's complaint—which, again, are barred. Likewise, Defendant fails to allege "the extent of [his] damages" sufficient to comply with Rule 9(b). *See Oppenheimer v. Prudential Sec. Inc.*, 94 F.3d 189, 195 (5th Cir. 1996). Defendant needed to allege with particularity how his damages arose from conduct outside of Plaintiff making demands or filing her complaint.

## **DEFENDANT CANNOT ALLEGE ABUSE OF PROCESS**

Defendant bases his abuse of process claim entirely on Plaintiff filing her complaint. (Def.'s Countercl. ¶¶22-25.) This is the wrong claim for these facts. "Filing a complaint is not an

improper or illegal use of the process. [] A claim for abuse of process requires a perversion of the process, and merely filing suit is not sufficient to maintain an abuse of process claim." *RRR Farms, Ltd. v. Am. Horse Prot. Ass'n, Inc.*, 957 S.W.2d 121, 134 (Tex. App.— Houston [14th Dist.] 1997) (followed by *USHEALTH Grp., Inc. v. South*, No. 4:14-CV-757-A, 2015 WL 3454275, *3 (N.D. Tex. May 29, 2015)). Further, "[m]aintaining an abuse of process cause of action requires an improper use of the process after its issuance" and "a showing of a wrongful seizure of property or an actual interference with the person." *Id*. None of these elements are present here. To the extent that Defendant's counterclaim depends on Plaintiff's extrajudicial conduct, the counterclaim simply fails to allege sufficient detail to satisfy Rule 8's requirement to provide "fair notice of [] the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

## DEFENDANT CANNOT EVADE THE REQUIREMENTS OF A MALICIOUS PROSECUTION CLAIM

All Defendant's claims arise from Plaintiff's pre-suit communications and her lawsuit. "If a party files a claim in the context of allegations of the wrongful filing of a lawsuit, the appropriate cause of action is a malicious prosecution claim"—and the "party cannot avoid the strict elements of a malicious prosecution action by labeling it" as something else—like abuse of process or fraud. *Klein & Assocs. Pol. Rels. v. Port Arthur Indep. Sch.* Dist., 92 S.W.3d 889, 899 (Tex. App.—Beaumont 2002). "To prevail in a suit alleging malicious prosecution of a civil claim, the plaintiff must establish [] termination of the proceeding in plaintiff's favor." *Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996). "By definition, Texas claims for malicious prosecution arise only after the underlying case reaches a final judgment and all

appeals are exhausted." *Graber v. Fuqua*, 279 S.W.3d 608, 617 (Tex. 2009). Defendant cannot state a claim for malicious prosecution because there is no final judgment on Plaintiff's claims, and he cannot be permitted to circumvent that element by disguising a defective malicious prosecution claim as something else.

**CONCLUSION**

Defendant's counterclaim should be dismissed with prejudice. There is no plausible basis for any claims arising from Plaintiff's complaint, and there is no basis for any hypothetical counterclaim arising from conduct outside Plaintiff's complaint.
allegation.

Dated June 23, 2025

Kelly Bland
Plaintiff, Pro Se
709 N FM 1187
Suite 800 #60
Aledo, TX 76008
Phone: 817-903-2161
Kellybland516@gmail.com

Plaintiff received assistance of counsel (Ethan Preston, Preston Law Offices, Dallas, Texas, www.eplaw.us) preparing this document. Plaintiff and counsel have agreed the scope of

counsel's representation in this matter is limited to such assistance, and subject to the condition that Plaintiff make this disclosure to the Court in any filing which was prepared with counsel's assistance. *See* Texas Disciplinary Rule of Prof'l Conduct 1.02(c) & cmt. 4. Plaintiff does not seek favor or treatment ordinarily afforded *pro se* litigants with respect to this filing.