IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KELLY BLAND,          § | |
| § | |
| Plaintiff,          § | |
| § | |
| v.          § | Civil Action No. 4:24-cv-01022-O-BP |
| § | |
| 1ST TEXAS HEALTH          § | |
| & LIFE LLC, *et al.*,          § | |
| § | |
| Defendants.          § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Motion for Default Judgment against 1st Texas Health & Life LLC ("1st Texas"), filed on January 21, 2025. ECF No. 27. The case was referred to the undersigned pursuant to Special Order No. 3 on October 24, 2024. ECF No. 3.

When an action "presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In a multi-defendant case where a default is entered against some, but not all, defendants, courts should avoid issuing inconsistent judgments between the defaulting and non-defaulting defendants if they are "similarly situated." *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (allowing defaulting defendants to benefit from a favorable summary judgment ruling for the appearing party because it would be "incongruous and unfair to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants"); *see also Falcon Ins. Co. v. Molina*, No. 3:18-cv-03297-X, 2020 WL 5250545, at *1 (N.D. Tex. Sept. 3, 2020) ("judgment should generally not be entered against the defaulting defendant[s] until the matter has

been adjudicated as to all defendants.") (internal quotations and citations omitted); *see also Crum & Forster Specialty Ins. Co. v. Platero*, No. 3:22-cv-2361-S, 2023 WL 7169554, at *3 (N.D. Tex. Oct. 31, 2023) (declining to issue default judgment against defaulting defendant when it would risk a later inconsistent judgment as to other defendant litigating merits and defenses); *see also Stelax Indus., Ltd. v. Donahue,* No. 3:03-cv-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004)("Moreover, '[w]here one of multiple defendants is in default, as a general rule, a decree of default may be entered, but a judgment is withheld pending a decision on the merits as to the other defendants.'")(citations omitted).

Here, even though the Clerk has entered a default against Defendant 1st Texas, *see* ECF No. 24, litigation is still ongoing as to the other defendants, and 1st Texas is similarly situated to the other defendants such that the Court should avoid the potential issuance of inconsistent judgments. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Plaintiff's Motion for Default Judgment against 1st Texas (ECF No. 27) **WITHOUT PREJUDICE** to her right to move for default judgment against 1st Texas following a decision on the merits as to the other defendants.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file

specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on July 2, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE