UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

KELLY BLAND,

Plaintiff,

v.

1ST TEXAS HEALTH & LIFE LLC, et al.,

Defendants.

Civil Action No. 4:24-cv-01022-O-BP

---

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AFFIRMATIVE DEFENSES**

**TO THE HONORABLE JUDGE O'CONNOR AND THE HONORABLE MAGISTRATE JUDGE RAY:**

Defendant Aaron Hansome, appearing Pro Se and with the utmost respect for this Court, its wisdom and discretion, submits this Motion to Strike the Affirmative Defenses asserted by Plaintiff Kelly Bland in her Answer to Defendant's Amended Counterclaim (ECF No. 54), pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Defendant acknowledges that he is not a licensed attorney and is doing his best to navigate these proceedings properly. Defendant respectfully requests the Court's guidance and understanding in evaluating the following concerns:

**I. INTRODUCTION**

Defendant Aaron Hansome, appearing Pro Se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 12(f) to strike Affirmative Defenses Nos. 29 through 35, as asserted by Plaintiff Kelly Bland in her **June 19 and June 23, 2025, Amended Answer (Docket. 72)** to Defendant's Amended Counterclaims. Each defense appears to lack the factual and legal specificity required under Rule 8 of the Federal Rules of Civil Procedure and controlling Fifth Circuit precedent. In addition to being pled in conclusory terms, some defenses are duplicative,

facially contradictory to the record, or appear to be invoked as placeholders without meaningful factual development. Maintaining these defenses would expand litigation costs without aiding the resolution of material issues.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits a court to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." While disfavored, striking defenses is appropriate when the pleadings fail to provide "fair notice" of the basis for the defense or where the asserted doctrine is conclusory, redundant, or unsupported by the record. See Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999); Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982). The Fifth Circuit aligns with the plausibility standard of Twombly and Iqbal when evaluating the sufficiency of affirmative defenses.

## III. ARGUMENT

**DEFENSE NO. 29: GENERALIZED EQUITABLE BARRIERS**

Plaintiff asserts that "Defendant's alleged claims are barred, in whole or in part, by the applicable statutes of limitation, laches, waiver, payment, unclean hands, accord and satisfaction, and/or estoppel." Respectfully, this group of defenses is pled in a generalized, conclusory manner, without any factual support or legal foundation tying each doctrine to Defendant's conduct. Courts in the Fifth Circuit appear to require that affirmative defenses be pled with enough specificity to provide "fair notice" of the theory and facts behind each one. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999); see also *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993).

Each doctrine listed here; limitations, laches, waiver, payment, unclean hands, accord and satisfaction, and estoppel, has distinct legal elements and should be pled accordingly. Plaintiff does not allege:

- Any dates, tolling events, or delay by Defendant suggesting a limitations bar or laches defense;

- Any waiver or voluntary relinquishment of rights by Defendant;

- Any payment, resolution, or mutual agreement that could trigger accord and satisfaction;

- Any facts suggesting Defendant engaged in inequitable conduct (for "unclean hands") or made any misleading representations (for estoppel).

In fact, the record appears to contradict many of these defenses:

- Defendant promptly objected to and terminated the vendor relationship when issues arose.

- Defendant requested written communications and honored Plaintiff's request for the same.

- Defendant never engaged in conduct that could reasonably constitute waiver, ratification, or unclean hands.

Additionally, Plaintiff repeats the same defense of estoppel separately in Affirmative Defense No. 32, suggesting redundancy rather than a well-developed legal theory.

Because no specific facts support any of these bundled defenses, and because maintaining them may lead to unnecessarily expanded discovery and litigation costs, Defendant respectfully requests that **Defense No. 29** be **struck under Federal Rule of Civil Procedure 12(f)**.

---

**DEFENSE NO. 30: SETOFF, DEDUCTION, OR RECOUPMENT**

Plaintiff alleges, without elaboration, that "Defendant's alleged claims are barred, in whole or in part, by setoff, deduction, or recoupment." However, Plaintiff fails to allege any basis, factual or legal, for invoking any of these three doctrines. Courts have repeatedly held that a party asserting such defenses must allege **underlying obligations, overpayments, or cross-liabilities** with sufficient specificity to place the opposing party on notice. See *GE Capital Commercial, Inc. v. Worthington Nat'l Bank*, No. 3:09-CV-572-L, 2011 WL 5025153, at *5 (N.D. Tex. Oct. 21, 2011) ("A party seeking a setoff must plead facts that would entitle them to relief under that theory.").

Each of these theories requires distinct criteria:

- **Setoff** presupposes a mutual debt owed by the Plaintiff to the Defendant, which Plaintiff has not alleged.

- **Deduction** may apply to reduce damages based on related claims or offsets, yet Plaintiff asserts no such transaction or counter-claim.

- **Recoupment** arises only from the same transaction as the claim asserted by the opposing party, and no such transactional facts are alleged here.

Plaintiff neither references any payments or obligations owed by Defendant, nor explains how any alleged interaction would entitle her to relief under these doctrines. Plaintiff's bare invocation of legal terms, devoid of factual substance, fails to meet the pleading requirements under *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999), and Defendant believes should therefore be **struck under Rule 12(f)**.

---

**DEFENSE NO. 31: FAILURE TO STATE A CLAIM**

Plaintiff asserts that "Defendant's alleged claims are barred, in whole or in part, because Defendant fails to state a cause of action upon which relief can be granted." Respectfully, this does not appear to be a true affirmative defense, but rather a challenge to the legal sufficiency of the pleadings, an issue more appropriately raised through a **Rule 12(b)(6)** or **Rule 12(c)** motion. In fact, Plaintiff has already filed a separate Rule 12(c) motion making this same argument at Dkt. 73.

Federal courts, including those in the Fifth Circuit, appear to have consistently held that "failure to state a claim" is not a proper affirmative defense because it does not accept the facts of the pleading as true. For example, research suggests in *Vargas v. HWC General Maintenance, LLC*, No. 4:11-cv-00875 (S.D. Tex. Mar. 20, 2012), the court struck such a defense, reasoning that it is better addressed through Rule 12 motion practice and must be supported by factual assertions.

The Fifth Circuit also appears to require that affirmative defenses be pled with enough clarity to provide "fair notice" to the opposing party. See *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). In this instance, Plaintiff has not included any specific facts or allegations to support this defense. It is respectfully submitted that this line appears duplicative of her existing 12(c) motion and may not meet the federal pleading standard.

Accordingly, Defendant requests that **Defense No. 31** be **struck under Rule 12(f)** for being legally improper and unnecessarily repetitive of arguments already pending before the Court.

---

**DEFENSE NO. 32: ESTOPPEL**

Plaintiff reasserts estoppel as a stand-alone affirmative defense, despite having already included it as part of her bundled defense in Paragraph 29. As with the prior reference, this claim lacks any supporting factual allegations that would give Defendant fair notice of the circumstances, representations, or conduct on which the defense is based.

Under Fifth Circuit precedent, affirmative defenses should be pled with enough specificity to alert the opposing party to the precise nature of the defense. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). A bare legal conclusion, such as asserting "estoppel" without identifying any misleading statement, reliance, or detriment, does not appear sufficient.

Moreover, the record presented to this Court appears to contradict the essential elements of estoppel. Defendant did not mislead Plaintiff; to the contrary, he communicated transparently, ceased communication upon request, and acted promptly to investigate and disengage from any vendor who may have misused Plaintiff's number. There is no evidence that Plaintiff relied on any representation by Defendant to her detriment, nor has Plaintiff explained how estoppel could logically apply to the claims at issue.

Because this defense appears to have been improperly pled once and is now being reasserted without clarification or factual support, it appears redundant and legally insufficient. Therefore, Defendant respectfully requests that **Defense No. 32** be **struck under Rule 12(f)** as conclusory, duplicative, and lacking the fair notice required by federal pleading standards.

---

**DEFENSE NO. 33: WAIVER**

Plaintiff asserts that "Defendant's alleged claims are barred, in whole or in part, by waiver." However, Plaintiff does not plead any facts suggesting that Defendant intentionally relinquished any known right or engaged in conduct that would support such a conclusion.

In the Fifth Circuit, affirmative defenses like waiver seem to require being pled with enough specificity to provide fair notice. See *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). Courts have consistently held that listing legal doctrines without explanation or factual grounding does not meet the standard required under the Federal Rules.

Here, there is no allegation that Defendant took any action, or failed to act, in a way that would imply voluntary abandonment of a legal right. On the contrary, the record shows that Defendant promptly responded to Plaintiff's communications, acted diligently to investigate her claims, and explicitly preserved his legal objections in both discovery and filings. There is no factual basis to claim waiver, either express or implied.

Because this defense is unsupported by factual allegations, appears conclusory, and may unnecessarily broaden discovery around an unfounded legal theory, Defendant respectfully requests that **Defense No. 33** be **struck under Federal Rule of Civil Procedure 12(f)**.

---

**DEFENSE NO. 34: RATIFICATION**

Plaintiff asserts that "Defendant's alleged claims are barred, in whole or in part, by ratification." Respectfully, this defense is pled without any supporting facts, and the record appears to contradict the elements required to establish ratification.

Under Texas law, ratification occurs when a party, with full knowledge of the material facts, affirmatively approves or accepts the benefits of a prior act that could have been rejected. *White v. Harrison*, 390 S.W.3d 666, 672 (Tex. App.—Dallas 2012, no pet.). Plaintiff does not identify any act by Defendant that meets these criteria. On the contrary, the record shows that Defendant promptly disengaged from the marketing vendor upon learning of the dispute, requested that all further communication be conducted in writing, and complied with Plaintiff's stated preferences throughout the exchange.

In asserting ratification against Defendant, Plaintiff also invites a reciprocal legal implication; that **she herself ratified** the very relationship or conduct she now challenges under the TCPA. The evidence shows that Plaintiff called Defendant back while feigning interest in obtaining insurance coverage (see Exhibits A-6, A-7 and now again in A-28 in ECF 78), and that her sister, Ms. Kimberly Starling, engaged in similar conduct, including providing their names

and verbal authorization in a manner consistent with vendor-authenticated consent records

- (see Exhibit E-1 from ECF 15: Kimberly Starling Insurance Consent with audit trail).

Plaintiff voluntarily engaged in the exchange without asserting any DNC status or expressing any aggravation from the 1 flawed DNC call that Defendant made on April 10, 2024. These facts, already submitted into evidence, reflect affirmative engagement from Plaintiff, not unauthorized targeting by Defendant.

Accordingly, Plaintiff's assertion of ratification is both unsupported by specific allegations and inconsistent with the factual record, including her own behavior. For these reasons, Defendant respectfully requests that **Defense No. 34** be **struck under Rule 12(f)** as conclusory, legally deficient, and inconsistent with federal pleading standards.

---

### DEFENSE NO. 35: FAILURE TO MITIGATE DAMAGES

Plaintiff asserts that "Defendant's alleged claims are barred, in whole or in part, by failure to mitigate his damages." As with the preceding defenses, this assertion is pled without any supporting facts and does not identify any specific conduct by Defendant that would trigger this doctrine.

To assert a failure to mitigate defense under federal or Texas law, a party must show that the claimant unreasonably failed to take reasonable steps to reduce foreseeable damages. This defense typically applies when a party could have avoided additional harm through conduct taken after the alleged injury occurred. For example, had Plaintiff made clear that she was on a Do-Not-Call list or was offended by the single outbound call made by Defendant after the vendor scrubbing failure, **that notification could have given rise to mitigation efforts**. Yet Plaintiff does not identify any step that Defendant failed to take, nor does Plaintiff allege that any specific act by Defendant caused her greater exposure or injury.

On the contrary, the record shows that Defendant acted promptly and reasonably once notified of the dispute:

- Ceased all direct communication at Plaintiff's request,

- Investigated the vendor activity and disengaged from any related marketing arrangements,

- Responded timely and in good faith, and even offered direct avenues for resolving the matter prior to litigation, including the offer of a $300 installment payment.

Moreover, it appears that Plaintiff herself contributed to the escalation and prolongation of this dispute by:

- Calling Defendant back pretending to be interested in insurance quotes, despite never granting actual consent to be contacted, as reflected in Exhibits A-6, A-7, and now A-28.
- Remaining silent for over four months before filing suit, during which she concealed her identity and prior interactions, filing as an entirely new entity from Defendant's perspective.
- And pursuing or threatening similar TCPA claims in other matters, including calls where Plaintiff engaged under false pretenses, without disclosing her role in shaping the interaction or consent context.

Plaintiff has not identified how Defendant's actions, or his immediate and reasonable responses, resulted in avoidable harm that could have been mitigated. Therefore, this defense appears to be conclusory, unsupported by fact, and insufficient under the pleading standards articulated in *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).

Defendant respectfully requests that **Defense No. 35** be **struck under Rule 12(f)** for failure to meet the required standard of specificity and factual support.

### IV. PRAYER FOR RELIEF

For the reasons set forth above, Defendant respectfully requests that this Court enter an order striking Affirmative Defenses Nos. 29 through 35 as legally insufficient and lacking factual support, pursuant to Federal Rule of Civil Procedure 12(f).

Respectfully submitted,

*Aaron Hansome*

Verified by pdfFiller
07/05/2025

/s/ Aaron Hansome

Aaron Hansome, Pro Se

641 E San Ysidro Blvd. B3328

San Ysidro, CA 92173

(619) 289-7442

aaronmhansome@gmail.com

---

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(b), I certify that I attempted to resolve this matter with Plaintiff in good faith prior to filing. I sent written correspondence on June 20, 2025, and again on June 24 and June 26, 2025, requesting clarification or withdrawal of the disputed defenses. Plaintiff acknowledged receipt, requested an extension, and responded on July 2, 2025, but did not provide sufficient factual amendments or clarification to resolve the dispute.

/s/ Aaron Hansome



---

### CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that a true and correct copy of the foregoing document was served upon all parties of record via ECF and email.

/s/ Aaron Hansome