IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

**KELLY BLAND**,

    Plaintiff,

v.

**1ST TEXAS HEALTH & LIFE, LLC**, et al.,

    Defendants.

Civil Action No. 4:24-cv-01022-O

---

NOTICE OF SUPPLEMENTAL CLARIFICATION IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO CONDUCT LIMITED INVESTIGATORY DISCOVERY

- (ECF No. 77)

Defendant Aaron M. Hansome, appearing pro se, files this Notice of Supplemental Clarification regarding his pending Motion for Leave to Conduct Limited Investigatory Discovery

- (ECF No. 77).

---

**I. Purpose of Filing**

This clarification is submitted to assist the Court in evaluating the necessity of Defendant's investigatory request. Specifically:

• Defendant has ordered a 3-Day Transcript from the April 23, 2025 hearing before Judge Sunil R. Harjani in the Northern District of Illinois in *Bland v. Healthcare Solutions Team, LLC*, Case No. 1:24-cv-07077. • The transcript is expected to contain judicial statements regarding Plaintiff's litigation posture, discovery behavior, and related conduct, which Defendant believes are relevant to the relief sought in the instant motion. • This transcript is currently in process and is expected to be delivered within the week of this filing.

---

**II. Supplemental Evidentiary Context**

Attached to this filing are Exhibits A-29 through A-31, all drawn from filings in *Bland v. Healthcare Solutions Team, LLC* Case No. 1:24-cv-07077, which demonstrate a documented pattern of concerning litigation behavior by Plaintiff. These include:

• **Exhibit A-29**: Minute Entry from the April 23, 2025 hearing (Doc. 68), documenting the Court's denial of Plaintiff's motion to strike and the discussion of discovery issues.

• **Exhibit A-30**: Supplemental Declaration of Khalid McCombs (Doc. 69), asserting sworn claims of retaliatory subpoena issuance, fabricated AI evidence, emotional harm, and threats of class action abuse.

• **Exhibit A-31**: Verified excerpts (pp. 1–7) from McCombs's Amended Answer and Counterclaims (Doc. 70), alleging discovery obstruction, procedural misrepresentations, and abuse of the judicial process.

These materials are provided to support the investigative purpose of the motion and to clarify that the patterns Defendant seeks to probe are not isolated to this case.

---

**III. Request for Consideration**

Defendant respectfully requests that the Court take this clarification and the forthcoming transcript into consideration prior to ruling on Defendant's pending Motion for Leave. Defendant intends to file a formal supplement with the certified transcript promptly upon receipt.

---

Respectfully submitted,

Dated: July 7, 2025

*Aaron Hansome*

Verified by pdfFiller
07/07/2025

Aaron M. Hansome

641 E San Ysidro Blvd. B3328

San Ysidro, CA 92173

aaronmhansome@gmail.com

(858) 800-2003

Pro Se Defendant

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Notice of Supplemental Clarification was served on Plaintiff by email on July 7, 2025.

/s/ Aaron M. Hansome

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)
### Eastern Division

Kelly Bland

                       Plaintiff,

v.

                       Case No.: 1:24-cv-07077
                       Honorable Sunil R. Harjani

Healthcare Solutions Team, LLC, et al.

                       Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, April 23, 2025:

      MINUTE entry before the Honorable Sunil R. Harjani: Telephonic status hearing held. Counsel for Plaintiff, Defendant Healthcare Solutions Team, LLC and Pro Se Defendant Khalid McCombs were present by telephone. Counsel for Plaintiff and Defendant Healthcare Solutions reported that discovery is progressing, and the parties have recently initiated settlement discussions, with Defendant Healthcare Solutions currently preparing its demand. For reasons stated on the record, Plaintiff's motion to strike [35] is denied, Defendant McCombs motion to dismiss [23], [55], and [65] are denied without prejudice. Regarding discovery, the Court advised Defendant McCombs that discovery materials should not be filed on the docket but exchanged directly with the parties. The Court also informed Mr. McCombs that he should call opposing counsel and work out any issues on discovery first, and that there will be a date set for him, at a later time after discovery has closed, to present his motion for summary judgment and present evidence about his case. Mailed notice(lxs, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KELLY BLAND, on behalf of herself and others similarly situated,
Plaintiff,

v.

HEALTHCARE SOLUTIONS TEAM, LLC and KHALID MCCOMBS,
Defendants.

Case No.: 1:24-CV-07077

SUPPLEMENTAL DECLARATION OF KHALID MCCOMBS IN SUPPORT OF MOTION TO QUASH SUBPOENAS

I, Khalid McCombs, declare under penalty of perjury as follows:

1. Licensing and Relevant Timeframe:

I was not licensed to sell insurance until November 21, 2022. The subpoenas seek records dating back to August 12, 2020 over two years before I was licensed or engaged in any relevant business activity. Any records from before November 21, 2022, are irrelevant to this case.

2. No Outbound Sales or Lead Purchases After Kelly:

After my initial involvement with Kelly, I did not purchase any more leads or conduct outbound sales for HST. All subsequent sales through HST were to clients who contacted me directly from prior business relationships, not from purchased leads.

G3. No AI or OpenAI Account or Involvement:

1

The plaintiff repeatedly attributes alleged errors or unwanted communications to "AI" or automated systems. I do not have, nor have I ever had, any AI or OpenAI account or subscription, and I have not used AI in any business communications or lead generation. Any subpoena seeking such records is impossible to comply with and wholly irrelevant.

4. Improper Subpoena to Personal Gmail and Legal Barriers:

The plaintiff originally served me at my HST business email (kmccombs@hst.com), which contains all relevant sales information for HST. Instead of limiting discovery to this account, the plaintiff insisted on subpoenaing my personal Gmail, which is not connected to HST business, constituting an invasion of privacy and a fishing expedition.
Under the Stored Communications Act (18 U.S.C. § 2702), Google and other email providers are generally prohibited from disclosing the contents of emails in response to civil subpoenas, and courts have repeatedly quashed such subpoenas as unlawful. If the plaintiff wants email content, they must request it directly from me via discovery, not from Google.

5. Objections from Google and OpenAI:

Both Google and OpenAI objected to the subpoenas, citing their overbreadth, irrelevance, and improper issuance. This further demonstrates the subpoenas' bad faith and lack of legal basis.

6. Fiverr Account Irrelevance:

The subpoenas request all of my Fiverr account history. I have only made two lead purchases from a single Fiverr vendor, and only one of those purchases involved the plaintiff, Kelly. The remainder of my Fiverr activity is unrelated and irrelevant to this matter.

7. Visible Account Subpoena:

The subpoena seeks information from my Visible mobile account for periods when I did not have a Visible account. At the time I contacted Kelly, I did not have a Visible account, nor was I using Visible's services. Demanding records from a provider I did not use is unreasonable, irrelevant, and impossible to comply with. Courts have consistently held that subpoenas must be limited to relevant information and cannot require production of records that do not exist or are not in the possession of the recipient.

2

8. Pattern of Harassment and Improper Purpose:

The plaintiff issued four subpoenas immediately after I declined to answer a question about AI in the joint status report, suggesting a retaliatory and harassing motive rather than a legitimate search for evidence. Collectively, these subpoenas are overly broad, seek irrelevant information, and request records for accounts I do not own or control. Such requests are unreasonable, oppressive, and appear to be an improper fishing expedition into my private affairs.

9. Plaintiff's Litigation History and Tactics:

Plaintiff Kelly Bland, often represented by Andrew Perrong, is known for frequent TCPA litigation, having filed over 30 such cases in the last three years. This pattern suggests a strategy of bait-and-switch or manufactured claims, rather than genuine consumer protection.

10. Details of the Current Dispute:

- Kelly Bland verbally provided her email address and requested a quote; her email was not on any lead list I purchased.

- After I sent the requested quote, Ms. Bland called me, threatened to sue, then said she would not pursue legal action, yet later filed this lawsuit.

- This sequence appears to be a deliberate tactic to entrap and litigate, not resolve a legitimate grievance.

11. Legal Basis:

Under Federal Rule of Civil Procedure 45(d)(3), a court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or "subjects a person to undue burden." See United States v. Nixon, 418 U.S. 683, 699 (1974) ("The subpoena must be limited to evidentiary and relevant materials.").

12. Request for Relief:

3

Case: 1:24-cv-07077 Document #: 69 Filed: 04/24/25 Page 4 of 6 PageID #:398

For these reasons, I respectfully request that the Court quash all subpoenas in their entirety, or at a minimum, limit their scope strictly to the brief period and specific activity related to my two one-time lead purchases from the Fiverr vendor. I further request the Court consider sanctions for abusive litigation tactics, grant any further relief deemed just and proper, and permit my counterclaims for abuse of process and harassment.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Dated- April, 19, 2025

Khalid McCombs
Pro Se
18200 W 12 Mile Rd, Apt 209
Southfield, Michigan 48076
kmccombs25@gmail.com

CERTIFICATE OF SERVICE

I, Khalid McCombs, hereby certify that on this 19th day of April 2025, a true and correct copy of the foregoing Defendant's Supplemental Declaration in Support of Motion to Quash Subpoenas was served upon the following parties via Certified Mail, U.S. Mail, or Email:

Paronich Law, P.C.
Anthony Paronich, Esq.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Email: anthony@paronichlaw.com

Perrong Law LLC
Andrew Roman Perrong, Esq.
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Email: a@perronglaw.com

Clerk of the Court

4



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KELLY BLAND, on behalf of herself and others similarly situated,
Plaintiff,

v.

HEALTHCARE SOLUTIONS TEAM, LLC and KHALID MCCOMBS,
Defendants.

Case No.: 1:24-CV-07077

DEFENDANT KHALID MCCOMBS'S AMENDED ANSWER AND COUNTERCLAIMS

Defendant Khalid McCombs ("McCombs"), proceeding pro se, hereby submits his Amended Answer and asserts the following counterclaims against Plaintiff Kelly Bland ("Plaintiff") and, where appropriate, her counsel:

I. PARTIES

1. Defendant Khalid McCombs ("McCombs") is an individual and insurance agent residing in Southfield, Michigan.

2. Plaintiff Kelly Bland ("Plaintiff") is an individual who has brought this action under the Telephone Consumer Protection Act ("TCPA").

II. JURISDICTION AND VENUE
3. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

1

Case: 1:24-cv-07077 Document #: 70 Filed: 05/01/25 Page 2 of 55 PageID #:402

III. FACTUAL BACKGROUND

5. Defendant was not licensed to sell insurance until November 21, 2022. Plaintiff's subpoenas seek records from as early as August 12, 2020-over two years before Defendant's licensure or relevant business activity (Exhibit 8).

6. After Defendant's initial interaction with Plaintiff, Defendant did not purchase additional leads or conduct outbound sales for Healthcare Solutions Team. All subsequent sales were to clients who contacted Defendant directly from prior business relationships (Exhibit 9).

7. The vendor who supplied Defendant's lead list confirmed in writing that all leads were DNC (Do Not Call) scrubbed and opt-in, and that no email addresses were included (Exhibit 6).

8. Defendant has never used artificial intelligence or automated systems in business communications or lead generation.

9. Plaintiff's counsel issued subpoenas for Defendant's personal Gmail, Fiverr, and Visible accounts before engaging in proper discovery and immediately after Defendant declined to answer a question about AI in the joint status report (Exhibit 2).

10. Google and OpenAI objected to these subpoenas as overbroad, irrelevant, and improper (Exhibit 2).

11. Plaintiff's subpoenas requested Defendant's entire Fiverr account history and information from Defendant's Visible mobile account for periods when Defendant did not use these services, making compliance impossible (Exhibit 2).

12. Plaintiff and/or her counsel attempted to serve Defendant at multiple addresses, including places where Defendant does not reside, and falsely claimed Defendant's actual address was "fake." Plaintiff's filings referenced Defendant's vehicle registration status in a misleading way, falsely implying wrongdoing (Exhibit 1, Exhibit 7).

13. Plaintiff has filed numerous lawsuits under the TCPA, reflecting a pattern of serial TCPA litigation. Research shows that a small group of law firms and serial plaintiffs are responsible for the majority of TCPA filings.

2

Case: 1:24-cv-07077 Document #: 70 Filed: 05/01/25 Page 3 of 55 PageID #:403

14. Plaintiff has refused to provide detailed call logs, documentation, or evidence of consent in response to Defendant's interrogatories, despite admitting to a 26-minute and a 7-minute call with Defendant and multiple text messages (Exhibit 10).

15. Defendant has suffered significant emotional, reputational, and financial harm as a direct result of Plaintiff's and her counsel's actions, including anxiety, loss of sleep, and the need to seek therapy (Exhibit 11).

Vehicle Registration and Plate Confiscation Notice

16. Plaintiff's filing included an image of my Michigan vehicle registration record in which most other personal and administrative information was intentionally blocked out. The only visible portion was the "NOT A VALID PLATE – ENFORCEMENT: CONFISCATE PLATE – FRAUDULENT APPLICATION OR INSURANCE" message at the top. Plaintiff and her counsel provided no explanation or narrative whatsoever-only the image was presented, with no context or clarification as to what the enforcement message meant or how such messages are generated. No statement was made to clarify that this is an automated, interim administrative notice-not a judicial finding of fraud or wrongdoing. By presenting only the enforcement message and omitting most other information or explanation, Plaintiff's filing creates a misleading impression of culpability that is not supported by any court determination or evidence of actual fraud (Exhibit 5).

17. According to the Michigan Secretary of State and LEIN guidance, this administrative flash message is automatically placed on a vehicle record when insurance cannot be validated at the time of registration or renewal, and the owner does not respond to a notice within 20 days. This is not a judicial finding of fraud or wrongdoing-no court has adjudicated any liability or found fraudulent conduct in my case. The flash message is an interim administrative action, not a final legal determination (Exhibit 5).

18. Michigan law allows the Secretary of State to suspend or cancel a registration or plate if insurance is not validated, but the owner must be given notice and an opportunity to be heard before any cancellation for alleged fraud or misuse. The "confiscate plate" instruction is a precautionary enforcement measure, not a criminal penalty or evidence of guilt. Owners are advised to contact the Insurance Fraud Prevention Unit to resolve insurance discrepancies (Exhibit 5).

19. I am unable to locate my original registration document at this time. The only version in the filings is incomplete and contains enforcement notations without context. However, I have attached my insurance card and policy information for the relevant period, which is the primary proof required under Michigan law to show that the vehicle was legally insured and eligible for registration at that time. See MCL 257.328(1) (requiring drivers to produce proof of insurance upon request); Michigan Secretary of

3

Case: 1:24-cv-07077 Document #: 70 Filed: 05/01/25 Page 4 of 55 PageID #:404

State, "No-Fault Insurance" guidance (Exhibit 5).

20. Plaintiff's use of this administrative notice in court filings misrepresents its significance and unfairly suggests wrongdoing where none has been adjudicated. The registration issue should be viewed as a discovery matter, not as evidence of substantive liability or fraud (Exhibit 5).

IV. COUNTERCLAIMS

A. Abuse of Process

21. Plaintiff and/or her counsel misused legal process by issuing irrelevant and overbroad subpoenas, targeting personal accounts unrelated to this matter, and attempting improper service. This constitutes abuse of process, which is a common law tort involving the misuse of legal process for an ulterior purpose, such as harassment or to gain an unfair advantage, and is actionable when it causes harm to the litigant. See Willis v. Parker, 814 F.2d 1356, 1357 (9th Cir. 1987) (abuse of process found where process is used for a purpose other than that for which it was designed); Wex, Abuse of Process (Exhibit 2, Exhibit 1).

22. Plaintiff's conduct included making false claims about Defendant's address and insurance record, all as part of a pattern to unfairly undermine Defendant's character and gain advantage. Examples of abuse of process include using litigation to harass, intimidate, or coerce, and abusing discovery to burden the other party with irrelevant or excessive requests. See Kaiser Found. Health Plan, Inc. v. Superior Court, 136 Cal. App. 4th 1021, 1031 (2006) (abuse of process where discovery was used for improper purposes) (Exhibit 7, Exhibit 5).

23. These actions were not in furtherance of any legitimate litigation objective, but were intended to oppress, harass, and intimidate Defendant as a pro se litigant.

24. As a result, Defendant suffered financial loss, including but not limited to a $250 platform payment, substantial lost business income and commissions, out-of-pocket litigation expenses, emotional distress, and reputational harm (Exhibit 4, Exhibit 11).

B. Intentional Infliction of Emotional Distress (IIED)

25. Plaintiff's and her counsel's actions-including repeated issuance of unnecessary subpoenas, invasion of privacy, pursuit of a manufactured claim, false statements about Defendant's address and insurance record, and tactics surrounding service-were extreme and outrageous. Persistent harassment, public

4

Case: 1:24-cv-07077 Document #: 70 Filed: 05/01/25 Page 5 of 55 PageID #:405

humiliation, and false accusations are recognized examples of conduct supporting an IIED claim. See McGrath v. Fahey, 533 N.E.2d 806, 809 (Ill. 1988) (conduct must be "so extreme as to go beyond all possible bounds of decency") (Exhibit 1, Exhibit 7, Exhibit 5).

26. Plaintiff and her counsel knew or should have known their conduct would cause Defendant severe emotional distress, as evidenced by Defendant's need to seek therapy (Exhibit 11).

27. As a direct and proximate result, Defendant has suffered and continues to suffer severe emotional distress, anxiety, financial harm, lost business opportunities, and out-of-pocket expenses (Exhibit 11).

C. Request for Sanctions

28. Plaintiff's pattern of litigation abuse in this case-including misuse of discovery and willingness to make false statements to the Court-warrants the imposition of sanctions under Federal Rule of Civil Procedure 11, which authorizes courts to sanction parties or attorneys who present pleadings for improper purposes or without factual support. Rule 11 sanctions are appropriate for filings made to harass, cause unnecessary delay, or needlessly increase litigation costs. See Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991).

29. Defendant requests reimbursement for out-of-pocket costs and reasonable compensation for the significant time spent defending against these claims (Exhibit 4).

D. Manufactured TCPA Claim and Lack of Standing

30. Plaintiff's conduct in this case reflects a manufactured or entrapment-based TCPA claim, as she initiated contact and requested a quote before threatening litigation. Under the TCPA, prior express consent is a recognized defense, and the burden is on the plaintiff to show lack of consent. See Van Patten v. Vertical Fitness Group, LLC, 847 F.3d 1037, 1044 (9th Cir. 2017) ("Express consent is a complete defense to a TCPA claim") (Exhibit 10).

31. To the extent Plaintiff alleges harm, she cannot establish Article III standing because she solicited the communications at issue. See Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (standing requires concrete injury).

VI. PRAYER FOR RELIEF

5

Case: 1:24-cv-07077 Document #: 70 Filed: 05/01/25 Page 6 of 55 PageID #:406

WHEREFORE, Defendant Khalid McCombs respectfully requests that the Court:

a. Dismiss Plaintiff's claims with prejudice;

b. Award compensatory damages in an amount to be determined at trial, including but not limited to the $250 payment to maintain Defendant's business, all lost business income, commissions, and other out-of-pocket expenses incurred as a result of Plaintiff's and her counsel's conduct (Exhibit 4);

c. Award punitive damages as warranted by the evidence;

d. Impose sanctions on Plaintiff and/or her counsel for abusive litigation tactics, including monetary sanctions and/or reimbursement of Defendant's costs and time;

e. Grant such other and further relief as the Court deems just and proper.

VII. EXHIBIT LIST

- Exhibit 1: Proof of service attempts and related correspondence

- Exhibit 2: Objection letters to Plaintiff's subpoenas and third-party objections

- Exhibit 3: Email correspondence and evidence of retaliatory discovery

- Exhibit 4: Documentation of $250 platform payment

- Exhibit 5: Plaintiff's filing with misleading vehicle registration notation, annotated, with insurance documentation

- Exhibit 6: Vendor communications confirming DNC scrubbing and opt-in status

Case: 1:24-cv-07077 Document #: 70 Filed: 05/01/25 Page 7 of 55 PageID #:407

- Exhibit 7: Evidence of false address claims by Plaintiff's counsel

- Exhibit 8: State insurance license

- Exhibit 9: Lead list

- Exhibit 10: Plaintiff's interrogatory responses admitting to 7- and 26-minute calls

- Exhibit 11: Reserved for future documentation of therapy, once available

- Exhibit 12: Reserved for future documentation regarding emotional support animal, once available

- Exhibit 13: Reserved for any additional future documentation as needed

Respectfully submitted,

Dated- April 26 , 2025

Khalid McCombs
Pro Se
18200 W 12 Mile Rd, Apt 209
Southfield, Michigan 48076
kmccombs25@gmail.com

VIII. CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2025, I served a copy of the foregoing Motion for Leave to Amend Answer to Add Counterclaims and the attached Proposed Amended Answer and Counterclaims on all counsel of record by U.S. Mail and electronic mail at the addresses listed below:

Paronich Law, P.C.