IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

**Before the Honorable Hal R. Ray, Jr., U.S. Magistrate Judge**

---

**KELLY BLAND**,

Plaintiff,

v. Civil Action No. 4:24-cv-01022-O

**1ST TEXAS HEALTH & LIFE LLC**, et al.,

Defendants.

---

**DEFENDANT AARON HANSOME'S RESPONSE IN OPPOSITION**

**TO PLAINTIFF'S MOTION FOR JUDGMENT (ECF NO. 73)**

TO THE HONORABLE COURT:

Defendant Aaron Hansome ("Defendant"), appearing pro se, respectfully submits this Response in Opposition to Plaintiff Kelly Bland's Motion for Judgment (ECF No. 73) and would respectfully show as follows:

---

**I. INTRODUCTION AND CONTEXTUAL PREFACE**

**1.1 Procedural Posture**

This Response is submitted pursuant to the Court's Order (ECF No. 80), addressing Plaintiff's Motion for Judgment (ECF No. 73). Defendant respectfully asserts that Plaintiff's motion is both procedurally and substantively deficient and should be denied on multiple grounds as outlined herein.

**1.2 Ongoing Pattern Evident in New Filing**

Defendant further notes, with due respect, that on July 8, 2025, less than 24 hours before this Court's July 9 Order, Plaintiff Kelly Bland filed a new TCPA lawsuit in the District of Arizona:

*Bland v. Berwick Insurance Group LLC*, Case No. 4:25-cv-00364 (D. Ariz.). Public docket records indicate Plaintiff filed her complaint at 3:47 p.m. MST, paid the filing fee, and obtained issuance of summons the same afternoon. This development coincides directly with Plaintiff's prior representation to Defendant that she would be "unavailable" for case-related matters during this time.

Although Defendant does not seek to litigate matters outside this forum, the ongoing filings appear consistent with the concerns already raised in ECF Nos. 77 and 79; specifically, the use of TCPA claims in rapid succession against unrelated entities, often in insurance, with similar procedural patterns. Defendant respectfully submits this occurrence to assist the Court in evaluating the credibility of Plaintiff's representations and the broader context of litigation conduct relevant to Defendant's counterclaims and motions to compel.

## II. PROCEDURAL DEFECTS

1. **Failure to Identify Governing Rule**: The Motion does not specify whether it is brought under Rule 12(c) (judgment on the pleadings) or Rule 56 (summary judgment).

2. **Non-Compliance with Local Rule 56.3**: Plaintiff did not submit a statement of undisputed material facts.

3. **No Supporting Evidence**: The Motion includes no affidavits, verified discovery, or competent summary judgment evidence.

4. **Premature Filing**: The Scheduling Order (ECF No. 37) sets discovery to close on **November 2, 2025**. Plaintiff filed this dispositive motion on June 23, 2025, well before the close of discovery and while multiple factual issues remain unresolved.

5. **Pending Discovery Disputes**: Defendant has two active Motions to Compel (ECF Nos. 60, 67) addressing Plaintiff's incomplete and evasive responses.

## III. UNRESOLVED MATERIAL FACTUAL DISPUTES

Plaintiff's claims are disputed and unsupported by record evidence:

- **Contradictions in Narrative**: Exhibits A-1 through A-31 (ECF Nos. 11–15, 60–79) contain verified call logs, vendor correspondence, and timeline contradictions.

- **Rebuttal Declarations**: Declarations and communications from vendors directly challenge Plaintiff's claims (e.g., Exhibits A-24, A-25, A-26, A-27).

- **Evidence of Coordinated Litigation**: Documentation suggests patterned TCPA filings involving similar parties and vendors, raising credibility and standing concerns.

## IV. PLAINTIFF HAS NOT ESTABLISHED STANDING

Plaintiff bears the burden to affirmatively establish Article III standing. However:

- **No Injury-in-Fact**: Plaintiff's May 16 RFA responses and June interrogatories fail to articulate a specific, concrete injury traceable to Defendant.

- **No Authentic Call Data**:
  Plaintiff has not produced vendor logs, contracts, or verified documentation linking Defendant to the alleged calls, including those made by "**Nationwide**" using DID **817-535-0523**. In contrast, Defendant Hansome has submitted multiple exhibits demonstrating internal audit efforts, oversight and third-party involvement, including:

    - **P-Tech**, as documented in **Exhibit A-9** (ECF No. 12);

    - **Abdul Hadi (a.k.a. Mark Curtis)**, detailed in **Exhibit A-24, Section 2** (ECF No. 66, Supplemental Filing); and

    - Verified **call logs** from the relevant period, including the disputed DID activity, as shown in **Exhibit A-28** (ECF No. 78).

- **Refusal to Produce Core Discovery**: Plaintiff has resisted discovery of critical vendor data and transfer logs necessary to substantiate standing.

Without verified documentation, Plaintiff's standing remains speculative and cannot support dispositive relief.

## V. PLAINTIFF'S PATTERN OF PROCEDURAL ABUSE

Plaintiff's conduct raises significant abuse-of-process concerns:

- **Litigation Pattern**: Now over 35 prior TCPA lawsuits involving Plaintiff or her associated counsel are documented in Exhibit A-26 (ECF No. 68-2).

- **Pre-suit Extortion Tactics**: Prior communications (Exhibits A-22, A-23, A-24) show settlement demands under threat of litigation, fitting patterns of civil extortion.

- **Counterclaims Supported**: Defendant's counterclaims (ECF No. 54) for civil extortion, abuse of process, and emotional distress are factually substantiated and remain legally viable.

## VI. PLAINTIFF'S DISCOVERY OBSTRUCTION

Discovery obstruction further undermines Plaintiff's Motion:

- **Refusal to Admit or Deny Key RFAs** (ECF No. 60)

- **No Vendor Call Documentation Provided**

- **Ongoing Resistance to Requests** related to source of transfers, vendor relationships, and alleged phone number ownership

As discovery remains active and these deficiencies unresolved, Defendant believes Plaintiff's Motion should be denied as premature.

## VII. CONCLUSION

Defendant believes Plaintiff's Motion (ECF No. 73) fails under Rule 12(c), Rule 56, and applicable Local Rules. It is procedurally flawed, factually unsupported, and prematurely filed while discovery remains ongoing. Accordingly, Defendant respectfully requests the Court:

1. **Deny** Plaintiff's Motion for Judgment (ECF No. 73) in its entirety;

2. Allow this matter to proceed to full discovery and evidentiary development;

3. Consider the pending Motions to Compel (ECF Nos. 60, 67) and Motion for Leave (ECF No. 77) prior to entertaining any dispositive judgment.

Respectfully submitted,

Aaron Hansome

*Aaron Hansome*

Verified by pdfFiller
07/10/2025

Pro Se Defendant

(619) 289-7442

641 E San Ysidro Blvd. B3328

San Ysidro, CA. 92173

---

**CERTIFICATE OF SERVICE**

I, Aaron Hansome, the undersigned Defendant appearing pro se, hereby certify that on July 10, 2025, I served the foregoing **Response to Plaintiff's Motion for Judgment** on Plaintiff Kelly Bland by transmitting a true and correct copy via electronic mail to her address on file as follows:

**Kelly Bland**

Email: kellybland516@gmail.com

Executed this 10th day of July, 2025.

Respectfully submitted,

**/s/ Aaron Hansome**

Aaron Hansome

Pro Se Defendant

Phone: (619) 289-7442

641 E San Ysidro Blvd, Suite B3328

San Ysidro, CA 92173