## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **KELLY BLAND** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:24-cv-01022-O-** |
| | § | **BP** |
| **1ST TEXAS HEALTH AND LIFE** | § | |
| **LLC, et al.** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

_____

### PLAINTIFF'S BRIEF IN SUPPORT OF RESPONSE TO
### MOTION TO STRIKE AFFIRMATIVE DEFENSES

_____

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff Kelly Bland files this brief in support of her response to Defendants' Motion to Strike (ECF 76) all affirmative defenses raised by Plaintiff to Defendants' Counterclaim (ECF 72) and respectfully requests that the Court deny the motion and grant such other and further relief as the Court deems just and proper.

### PRELIMINARY STATEMENT

Plaintiff filed her complaint (ECF 1) against the Defendants claiming multiple violations of the Telephone Consumer Protection Act of 1991, 47 USC § 227. Defendant Hansome filed an answer and a counterclaim (ECF 54). Plaintiff filed an answer to the counterclaim in which she raised seven affirmative defenses (ECF 72). Defendant Hansome filed a Motion to Strike the affirmative defenses (ECF 76). Plaintiff will demonstrate in this brief that the Motion to Strike should be denied.

Plaintiff's Brief in Support of Response to Motion to Strike                    1

**ARGUMENT**

Pursuant to Fed. R. Civ. P. 8 (b) (1) (a) a party must "state in short and plain terms the defenses to each claim asserted against it."  Further Fed. R. Civ. P. 8 (c) a party "must affirmatively state any avoidance or affirmative defense".  Fed. R. Civ. P. 8 (d) further directs that "each allegation must be simple, concise and direct. No technical form is required."  Plaintiff has complied with  Fed. R. Civ. P. 8 with respect to the affirmative defenses pleaded. Based upon the plain reading of this Rule, Defendant's motion to strike should be denied.

Plaintiff contends that we need to look no further than this district court for authority for denying the Motion to Stricke.  The Court in *Hunter v. Navy Fed. Credit Union,* 2025 U.S. Dist. LEXIS 8479, (US DC ND Tex. 2025) ruled on a pro se plaintiff's motion to strike the Defendant's affirmative defenses.  In *Hunter*, Judge Fitzwater first correctly addressed the standard to rule on the motion. The standard is not the standard set out in *Bell Atlantic v. Twombly,* 550 U.S. 554 (2007).  The standard is however, the "fair notice pleading standard" set forth in *Woodfield v. Bowman,* 193 F.3d 354, 362 (5th Cir. 1999). In the case at bar, Plaintiff's affirmative defenses have met the fair notice standard.

For example, Plaintiff raised the failure to mitigate damages affirmative defense, and the *Hunter* court ruled that a virtually identical pleading by the Defendant met the fair notice standard because the facts about the mitigation, not set out the pleading, were in the possession of Hunter, the party against whom the affirmative defense was raised.

**CONCLUSION**

Based upon the plain reading of Fed. R. Civ. P. 8, coupled with the *Hunter* decision from this district court in the Dallas division, Plaintiff's affirmative defenses comply with the pleading rule and provide a fair notice pleading. Accordingly, Defendant Hansome's motion to strike Plaintiff's affirmative defenses should be denied.

JULY 23, 2025



Kelly Bland
Plaintiff, Pro Se
709 N. FM 1187
Suite 800 #60
Aledo, Tx 76008
817-903-2161
kellybland516@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing was filed today via the Court's CM/ECF System and served on all parties pursuant to the Court's Notice of Electronic Filing and Local Rule 5.1(d).

Dated: July 23, 2025

<u>/s/ Kelly Bland</u>
Kelly Bland